**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Shelby SICKLER, Sr., Defendant and Appellant.**

**No. 13867.**

Supreme Court of South Dakota.

Considered on Briefs April 21, 1983.

Decided June 8, 1983.

Jeff Masten, Lincoln County State's Atty., Canton, Mikal Hanson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas K. Wilka, of Hagen & Wilka, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Appellant, Shelby Sickler, Sr., appeals from a judgment of conviction for aggravated assault. We affirm.

The first issue is whether the trial court properly denied defense motions for a directed verdict based on insufficiency of the evidence. Appellant was charged with, and convicted of, violating SDCL 22–18–1.1(3), which states:

Any person who: ... (3) Attempts to cause or knowingly causes any bodily in-

jury to a law enforcement officer or other public officer engaged in the performance of his duties ... is guilty of aggravated assault.

We agree with appellant that since there was no evidence of bodily injury, the jury must have convicted him of an attempt to cause such injury. Appellant relies on *State v. Judge,* 81 S.D. 128, 131 N.W.2d 573 (1964), to support his argument that the evidence does not establish he would have caused bodily injury if he had not been shot. In *Judge,* 131 N.W.2d at 575–76 (citations omitted), we stated that:

to constitute an attempt the acts of the defendant must go so far that they would result in the accomplishment of the crime unless frustrated by extraneous circumstances. ... 'It is that quality of being equivocal that must be lacking before the act becomes one which may be said to be a commencement of the commission of the crime, or an overt act, or before any fragment of the crime itself has been committed, and this is so for the reason that, so long as the equivocal quality remains, no one can say with certainty what the intent of the defendant is.'

In *State v. Cook,* 319 N.W.2d 809, 811 (S.D.1982) (citations omitted), this court reiterated the test for sufficiency of the evidence.

In determining the sufficiency of evidence on appeal, the test is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making this determination, this court must accept that evidence and the most favorable inferences that can be drawn therefrom in support of the verdict.

In the early morning hours of July 12, 1981, the Lincoln County Sheriff, Kenneth Albers, responded to a report of a man lying on a road. When Sheriff Albers arrived at the reported location he found appellant, whom he recognized, asleep on the road. The sheriff woke him up, told him to move off the road, and offered him a ride home. Appellant became progressively agi-

tated and angry, refused to leave, and referred to the Sheriff as Captain Smith from his war experiences. Sheriff Albers testified he did not consider physical contact with appellant because he knew appellant was a very strong man. He called his deputy, Darrell Nelson, for assistance. Shortly after Deputy Nelson arrived, appellant, who was standing two to three feet from the officers, pulled a knife from his clothing. He opened the blade and with knife in hand advanced toward the officers making karate and sweeping motions. The officers backed off and repeatedly ordered appellant to drop the knife but appellant continued his menacing movements. The sheriff said he feared being stabbed. He was convinced that appellant was not going to heed his warning that he would shoot him if he did not drop the knife. The sheriff then shot him. Appellant was taken by ambulance to a hospital and treated for an abdominal gun shot wound.

Deputy Nelson testified that he had talked to appellant a few hours before the shooting and that appellant was then belligerent, agitated and appeared intoxicated. According to Deputy Nelson, appellant told him: "that if either Sheriff Albers or myself, either one of us, ever came out to his farm to arrest him or take him away, that he was going to kill both of us." During this same conversation, appellant told Deputy Nelson that while he was in the war, "that he—it didn't bother him in the least bit at that time to—when he had anything to do with·the enemy, that for him to cut their throats, stand there and watch them bleed to death."

The evidence introduced by the State was sufficient for the jury to conclude beyond a reasonable doubt that appellant would have caused bodily injury to the sheriff if he had not been shot.

Appellant next contends that the destruction of tape recordings made by State Police Radio personnel violated the trial court's discovery order, deprived him of possible exculpatory evidence and thus denied him due process. Defense counsel moved for discovery of "[a]ny and all statements or reports made by law enforcement officials concerning the alleged crime herein or any fact material or relevant thereto, whether written, recorded upon any tape, wire or film, or otherwise memorialized, and whether or not signed or acknowledged by them." This discovery motion was made after appellant learned that State Police Radio tapes bearing on this case had been erased by their reuse. Appellant claims that pursuant to *Brady v. Maryland,* 373 U.S. 83, 85, 83 S.Ct. 1194, 1195, 10 L.Ed.2d 215 (1963), and its progeny, the destruction of these tapes is reversible error.

■■■ In his brief appellant claims that the trial court granted his discovery motion and makes reference to a page in the record. Our careful review of the record discloses no ruling by the court on this motion. In *American Federal Savings & Loan Ass'n. v. Kass,* 320 N.W.2d 800 (S.D.1982), we held that no error is preserved for review on appeal when the court below fails to rule on a matter presented for decision.

> If the trial court fails to decide or rule on a motion, nothing is presented for review in the appellate court. Where a ruling on a motion or objection is reserved by the court, the moving party must subsequently obtain a direct ruling in order to preserve the matter for appellate review. The burden of demanding a ruling rests upon the party desiring it. 'If a party permits the court to proceed to judgment without action upon his motion or objection, he will be held to have waived the right to have the motion or objection acted upon.' We find that appellants failed to preserve this issue for appeal.

*Id.* at 803 (citations omitted).

While we require a criminal defendant to give the trial court an opportunity to rule on an issue before we will review it on appeal, *State v. Holt,* 334 N.W.2d 47 (S.D. 1983); *State v. Giuliano,* 270 N.W.2d 33 (S.D.1978), we are unable to find a South Dakota criminal case which applies the *Kass* rule. However, it is generally held by other jurisdictions that unless the issue is jurisdictional or the error is patent on the face of

the record, the rule enunciated in *Kass* applies to criminal cases. *State v. Pelelo,* 247 N.W.2d 221 (Iowa 1976); *State v. Watts,* 244 N.W.2d 586 (Iowa 1976); *People v. Brown,* 393 Mich. 174, 224 N.W.2d 38 (1974); 24 C.J.S. *Criminal Law* § 1679. We believe the *Kass* rule should apply to criminal cases and we therefore hold that appellant did not preserve this issue for appeal.

The judgment is affirmed.

All the Justices concur.