UNITED STATES of America, Appellee,

v.

Charles J. BELLMAN and Bellman Farms, Inc., Appellants.

No. 84–1132.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1984.

Decided Aug. 29, 1984.
Rehearing and Rehearing En Banc Denied Sept. 27, 1984.

Max A. Gors, Gors, Braun & Carlon, Pierre, S.D., Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for appellants.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Charles Bellman and Bellman Farms, Inc. (hereinafter referred to collectively as defendant) were convicted by a jury of converting grain mortgaged to the Aberdeen, South Dakota Production Credit Association (PCA) in violation of 18 U.S.C. § 658.[1] Defendant appeals his conviction on various grounds. We affirm.

■■■■ Defendant argues there was insufficient evidence on three elements of the government's case. First, defendant argues there was insufficient evidence that grain he sold was mortgaged or pledged to PCA. Second, defendant argues there was insufficient evidence that he converted the proceeds of the sale to his own use. Finally, defendant argues there was insufficient evidence that he acted with intent to de-

---

* The Honorable William C. Hanson, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. 18 U.S.C. § 658 provides fines and imprisonments for "whoever, with intent to defraud, knowingly conceals, removes, disposes of, or converts to his own use or that of another, any property mortgaged or pledged to, or held by, ... any production credit association ...."

fraud. We must consider the evidence in the light most favorable to the government. *Glasser v. U.S.,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *U.S. v. Cohen,* 738 F.2d 287, at 289 (8th Cir.1984). We have reviewed the evidence in this light and find sufficient evidence to uphold defendant's conviction.

Defendant's second set of arguments are based on the now undisputed fact that defendant had PCA's permission to sell the grain in question and to put the proceeds in his general checking account. On this basis, defendant argues that the sale of the grain and the deposit of the proceeds in his checking account could not have been criminal because of PCA's permission. Further, defendant argues that his failure to turn over the proceeds to PCA could not have been a violation of 18 U.S.C. § 658 because PCA's security interest in the proceeds lapsed when their identity was lost through commingling in his checking account. Finally, defendant argues that his conviction and imprisonment for failing to turn over the proceeds to PCA would constitute unconstitutional imprisonment for a civil debt.

■ Defendant's arguments based on PCA's permission to sell the grain are clever but flawed. First, defendant conveniently forgets that the permission to sell was part of an agreement whereby defendant agreed to turn the proceeds over to PCA from his checking account. Further, defendant's arguments are based on a rigid division of his conduct into two separate acts: (1) selling the grain, and (2) failing to turn over the proceeds. However, the offense in this case arises out of defendant's total course of conduct: selling the grain, keeping the proceeds for his own use, and doing the former with intent to do the later. Given his agreement to turn over the proceeds to PCA, defendant's total course of conduct goes beyond failure to pay a civil debt and constitutes fraudulent conversion of PCA's collateral to his own use.

■ Defendant next argues that to show "conversion" the government was re-quired to show that at the time of the alleged conversion, PCA was either in possession of the collateral or entitled to immediate possession thereof. Defendant's definition of "conversion" is drawn from civil cases involving the tort of conversion. We believe it is clear that this tort definition of conversion is inapplicable to the provision of 18 U.S.C. § 658 referring to one who "converts to his own use or that of another, any property mortgaged or pledged to, or held by, ... any production credit association." Further, conversion is not a necessary element of the crime with which defendant was charged. 18 U.S.C. § 658 refers, in the disjunctive, to one who "conceals, removes, disposes of, *or* converts." (emphasis added)

■ Defendant's final argument is that the grand jury indictment should have been dismissed because the prosecution failed to follow its own guidelines regarding notification of grand jury "targets" and requests by targets to testify before the grand jury. It appears that the guidelines were substantially complied with. As to the notification of defendant, it is clear that defendant knew the government was seeking the indictment on which he was convicted. An earlier indictment had been dismissed, and defendant admits in his brief to this court that he knew a new indictment would be sought. The guidelines regarding requests by targets to testify is inapplicable here because defendant never made a request to testify.

Based on the foregoing, we affirm defendant's conviction.