**UNITED STATES of America, Appellee,**

v.

**Della M. ARCHAMBAULT, Appellant.**

**No. 84–1577.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1985.

Decided June 25, 1985.

---

**9.** The Government suggested at oral argument that this court itself may impose a sentence. Although this is true, *see* 18 U.S.C. § 3576, the court can only do so if the district court has

already made the requisite findings of fact and set forth its reasons for the sentence imposed, *id.* Thus, that provision has no applicability in the instant action.

Max A. Gors, Pierre, S.D., for appellant.

Mikal Hanson, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and REGAN,* Senior District Judge.

* The HONORABLE JOHN K. REGAN, United States District Judge for the Eastern District of Missouri, sitting by designation.

REGAN, Senior District Judge.

Della M. Archambault (hereinafter referred to as defendant) was convicted by a jury on six counts of knowingly concealing, removing, disposing of, or converting to her own use or that of another, with intent to defraud, cattle mortgaged or pledged to the Farmers Home Administration (FmHA) in violation of 18 U.S.C. § 658.[1] Defendant appeals her convictions on various grounds. We affirm.

Defendant's arguments on appeal are as follows: first, defendant argues that 18 U.S.C. § 658 does not include chattel mortgages; second, defendant argues that if 18 U.S.C. § 658 does include property secured by chattel mortgages or security agreements, then the evidence was insufficient to support her convictions in that the government failed to produce a filed financing statement; and finally, defendant argues that a sentence under 18 U.S.C. § 658 is an imprisonment for debt in violation of Section 15 of Article VI of the South Dakota Constitution and 28 U.S.C. § 2007.

With respect to defendant's first argument, the terms "mortgaged or pledged" are not defined in 18 U.S.C. § 658. In such cases, "the natural and commonly understood meaning will be given to words used in a statute unless it is plain or clear from the statute, or from the context of the words within the statute, or unless as otherwise indicated it is plain or clear from the circumstances that a different meaning was intended, and it must then appear what that different meaning is; or unless such construction would defeat the manifest intention of the legislature." 82 C.J.S. *Statutes* § 329; *Escondido Mutual Water Co. v. La Jolla, Rincon, San Pasqual, Pauma, and Pala Bands of Mission Indians,* —— U.S. ——, ——, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984). If the plain language of the statute is clear in its context, it is controlling. *Blue Cross Association v. Harris,* 622 F.2d 972, 977

(8th Cir.1980) *citing, Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.ED.2d 668 (1976).

We find that the language of the statute is clear in its context and that the phrase "any property mortgaged or pledged to ... the Secretary of Agriculture acting through the Farmers' Home Administration" includes any property in which the Farmers Home Administration has a chattel mortgage, lien, or security interest. *See,* e.g., *United States v. Graziane,* 376 F.2d 258 (2d Cir.1967) (chattel mortgage in cattle). As stated by the Court in *United States v. Kramel,* 234 F.2d 577, 582 (8th Cir.1956), "section 658 states a clear intention to protect the collateral given the Farmers Home Administration from *conscious fraud.*" (emphasis in original). The statute clearly states that it applies to "*any* property" not just to real property. Our holding here is consistent with the numerous decisions which have held that the statute applies to personal property in which the government has a security interest. *See,* e.g., *United States v. Bunker Livestock Commission,* 437 F.Supp. 1079. (D.N.M.1977); *United States v. Bellman,* 741 F.2d 1116 (8th Cir.1984); *United States v. Mitchell,* 666 F.2d 1385 (11th Cir.1982); *United States v. Lisko,* 747 F.2d 1234 (8th Cir.1984); *United States v. Lott,* 751 F.2d 717 (4th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 1852, 85 L.Ed.2d 150 (1985). Additionally, it is for the Congress and the federal Courts to define and clarify the terms of the statute, not the legislature of South Dakota. South Dakota's definitions of the terms "mortgage" or "security interest" are, therefore, irrelevant to the construction of this federal criminal statute.

Defendant's second argument, namely, that the evidence was insufficient to support her convictions since the government failed to produce a filed financing statement covering the cattle, is without merit. Under South Dakota Law, the law

---

**1.** 18 U.S.C. § 658 provides fines and imprisonments for "whoever, with intent to defraud, knowingly conceals, removes, disposes of, or converts to his own use or that of another, any property mortgaged or pledged to, or held by, ... the Secretary of Agriculture acting through the Farmers' Home Administration...."

that must be applied in determining the validity of the FmHA's security interest,[2] the jury below, implicitly and correctly found that the FmHA held a valid security in defendant's cattle and that this security interest was enforceable against the defendant. *See*, Section 57A–9–203, South Dakota Codified Laws (SDCL). The government's failure to produce a filed financing statement is irrelevant to the enforceability of the FmHA's security agreement against the defendant. *See* sections 57A–9–201 and 57A–9–301 et seq., SDCL. Since the FmHA had a valid security interest in defendant's cattle, that cattle constituted "any property mortgaged or pledged to ... the Secretary of Agriculture acting through the Farmers' Home Administration ..." We, therefore, find that the evidence was sufficient to show that the FmHA had a valid mortgage on defendant's cattle and that the evidence was sufficient to support her convictions.

■ Finally, defendant argues that her conviction under 18 U.S.C. § 658 constitutes an imprisonment for debt. Defendant's argument is flawed. She was not convicted of defaulting on her loan from the FmHA. She was convicted of concealing, removing, disposing of, or converting to her own use or that of another, with intent to defraud, property in which the FmHA had a security interest. The crime here "goes beyond failure to pay a civil debt and constitutes fraudulent conversion" of FmHA's collateral to her own use. *See, United States v. Bellman*, 741 F.2d 1116, 1118 (8th Cir.1984).

Therefore, based upon the foregoing, we affirm defendant's convictions.

---

2. See, *United States v. Kramel, supra.*