In the Matter of the STATE AND CITY SALES TAX LIABILITY OF QUALITY SERVICE RAILCAR REPAIR CORPORATION.

No. 16101.

Supreme Court of South Dakota.

Considered on Briefs Oct. 14, 1988.

Decided March 15, 1989.

Timothy T. Weber, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on the brief, and John Dewell, Asst. Atty. Gen., Pierre, for appellant, State Dept. of Revenue.

· Michael M. Hickey of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellee, Quality Service Railcar Repair Corp.

MORGAN, Justice.

Department of Revenue (Department) appeals from a circuit court order reversing the administrative decision of Department that assessed a sales tax on Quality Service Railcar Repair Corporation (Railcar) and remanding back to Department to conduct an evidentiary hearing. We affirm.

Railcar, a subsidiary of General Electric Railcar Service Corporation (General Electric), owns and operates fifteen railroad car repair facilities throughout the United States and Canada. Department conducted an audit of the Sioux Falls, South Dakota, facility for the period of December 1983 through June 1985 and assessed tax and interest in the amount of $162,000 on its gross receipts from repairs. Railcar appealed the assessment and an administra-tive hearing was held. Subsequently, Department concluded that Railcar's gross receipts from the service of repairing any and all railroad cars was subject to sales tax under SDCL 10–45–4 and that Railcar was not entitled to the exemption set forth at SDCL 10–45–12.3, since the location of the repair services occurring in South Dakota was controlling.

Railcar appealed the decision of the administrative proceeding to the circuit court. The trial court modified Department's conclusions of law, holding that the beneficial use exemption did apply to Railcar, but affirmed Department's order assessing the tax. In its memorandum decision, the trial court concluded that, although Department erred in its interpretation of the exemption, Railcar failed to sustain its burden of proof necessary to reduce the assessment.

Railcar moved for reconsideration and remand. After a hearing, the trial court remanded the matter back to Department to conduct an evidentiary hearing concerning the location of the "beneficial use" of the railroad cars repaired and the gross receipts derived from such repairs.

Department raises the following issues on appeal:

1) Whether the trial court erred in holding that the beneficial use exemption (SDCL 10–45–12.3) applies to Railcar;

2) Whether the trial court erred in reversing the administrative decision; and finally

3) Whether the trial court erred in remanding the matter back to Department for rehearing.

The standard of review applicable in administrative appeals is governed by SDCL 1–26–37 and SDCL 1–26–36.* Ques-

---

\* SDCL 1–26–36 provides:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as

tions of law are fully reviewable. *Permann v. Dept. of Labor, Unemp. Ins. D.*, 411 N.W.2d 113 (S.D.1987). When the issue is a question of fact, the clearly erroneous standard applies. *Permann, supra; Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D.1984).

To resolve the first issue, we must interpret the sales tax statutes involved here (a question of law).

SDCL 10–45–4 provides:

There is hereby imposed a tax at the same rate as that imposed upon sales of tangible personal property in this state upon the gross receipts of any person from the engaging or continuing in the practice of any business in which a service is rendered. Any service as defined by § 10–45–4.1 shall be taxable, unless the service is specifically exempt from the provisions of this chapter.

SDCL 10–45–12.3 provides:

The tax imposed by this chapter upon persons performing services does not apply to transactions if the beneficial use of the service occurs entirely outside the state.

■ Generally, statutes imposing a tax are to be construed liberally in favor of the taxpayer. Ambiguities in a statute imposing a tax are interpreted in favor of the taxpayer. *Nash Finch Co. v. South Dakota Dept. of Rev.*, 312 N.W.2d 470 (S.D. 1981). However, statutes allowing a tax exemption are strictly and narrowly construed in favor of the taxing power and are given a reasonable, natural and practical meaning to effectuate the purpose for which the exemption was granted. *K Mart Corp. v. S.D. Dept. of Revenue*, 345 N.W. 2d 55 (S.D.1984); *Northwestern Public Ser. Co. v. Housing, etc.*, 320 N.W.2d 515 (S.D.1982). Taxpayers seeking to avoid taxation through a statutory exemption have the burden of proving their entitlement to the exemption. *Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557 (Iowa 1985); *Northwest Terr. Gold v. Com'r of Revenue*, 377 N.W.2d 448 (Minn.

1985); *Wis. Dept. of Revenue v. Greiling*, 112 Wis.2d 602, 334 N.W.2d 118 (1983); ARSD 64:06:02:81.

Department argues that Railcar's gross receipts from all repairs performed at the Sioux Falls facility are subject to sales tax pursuant to SDCL 10–45–4. Railcar argues that most of its railroad cars are repaired for use outside of the state and are therefore exempt from the tax under SDCL 10–45–12.3. Railcar asserts that the location of the "beneficial use" is where the repaired railroad car is put to use to make a profit or derive a benefit (in this case out of state). Department argues that the "beneficial use" of the repair service is used up when the railroad car is repaired in Sioux Falls. This construction focuses on the location of the repair.

■ The legislature did not define the term "beneficial use" when it enacted SDCL 10–45–12.3. However, this court has stated that courts may not interpret a statute in a manner inconsistent with the plain language used by the legislature. *State v. Galati*, 365 N.W.2d 575 (S.D.1985). We must therefore determine the commonly understood meaning of the words used by the legislature. *United States v. Archambault*, 767 F.2d 402 (8th Cir.1985).

"Beneficial use" as defined in Black's Law Dictionary is:

The right to *use* and enjoy *property* according to one's own liking *or so as to derive a profit or benefit from it*, including all that makes it desirable or habitable, as light, air, and access; as distinguishable from the mere right of occupancy or possession.... (Emphasis added.)

Black's Law Dictionary, p. 142 (5th Ed. 1979).

■ In applying this definition to the facts of this case, we hold that the "beneficial use" of the repair service is the location where the repaired railroad car is put to use to make a profit. Therefore, those railroad cars repaired at the Sioux Falls

---

part of its judgment. The circuit court may award costs in the amount and manner speci-

fied in chapter 15–17.

facility, that are put to use to make a profit entirely out of state, are exempt from the sales tax, SDCL 10–45–12.3, and Department's interpretation that the location of the repair dictated whether or not the services were taxable is in error. Furthermore, the trial court did not error in holding that the beneficial use exemption (SDCL 10–45–12.3) was applicable to Railcar.

Department concedes that if the beneficial use exemption applies to Railcar's gross receipts from the repair of railroad cars put to use entirely out of state, then the trial court did not err, in reversing the administrative holding. Therefore, we do not discuss Department's second issue as moot.

Finally, Department urges that the trial court erred in remanding the matter for an evidentiary hearing to determine which of the repair services performed by Railcar during the audit period were beneficially used entirely outside the State of South Dakota consistent with the trial court's decision on tax liability. This argument seems to be premised on some concept of finality, that Railcar had their opportunity to present this evidence at the administrative hearing but failed to carry their burden of proof.

■■■ SDCL 1–26–36 provides, in pertinent part: "The court may ... remand the case for further proceedings." The decision to remand lies within the judicial discretion of the trial court and our review is whether it abused that discretion. Here, the trial court correctly determined that Department had erroneously interpreted and applied the beneficial use exemption and that perhaps Railcar had also. Under these circumstances, we find no abuse of discretion in remanding for rehearing in conformity with the decision on the proper application of the exemption.

WE AFFIRM.

WUEST, C.J., and HENDERSON and MILLER, JJ., concur.

SABERS, J., deeming himself disqualified, did not participate.