In the Matter of the STATE AND MUNICIPAL SALES AND USE TAX LIABILITY OF K.O. LEE COMPANY 200 South Harrison, Aberdeen, South Dakota 57401, License No. 06–0059805S.

Nos. 17675, 17682.

Supreme Court of South Dakota.

Argued March 18, 1992.

Decided Aug. 12, 1992.

---

Mark Barnett, Atty. Gen., Harvey M. Crow, Special Asst. Atty. Gen., Pierre, for appellants South Dakota Dept. of Revenue and the Secretary of Revenue.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for appellee K.O. Lee Co.

AMUNDSON, Justice.

Department of Revenue (Department) appeals from trial court order, which re-

versed in part the decision of the Secretary of Department (Secretary) to assess additional sales and use tax on K.O. Lee Company (K.O. Lee). We affirm.

## FACTS

K.O. Lee received a notice of intent to audit from Department in November, 1989. The purpose of the audit was to verify the gross receipts, deductions, and use tax K.O. Lee reported to Department on its sales and use tax returns for the period of November, 1986, through October, 1989. During the audit, Department assessed sales and use tax on items and transactions going back as far as 1975.

K.O. Lee appealed the audit to Secretary, and a hearing was held before a hearing examiner in July, 1990. Secretary subsequently issued his decision, ruling that (1) K.O. Lee did not meet the burden of proof necessary to claim a sales tax exemption for the repair services it provided to out-of-state customers, and (2) SDCL 10–59–16 did not bar Department from assessing and collecting taxes on K.O. Lee's equipment purchased prior to November 1, 1986. The record reflects that for some inexplicable reason, K.O. Lee had to file a motion to get a copy of this decision after several previous attempts to obtain a copy had failed.

K.O. Lee appealed Secretary's decision to circuit court, which reversed Secretary's decision in part. Specifically, trial court ruled (1) that Department was barred from collecting use tax from K.O. Lee three years from the date on which K.O. Lee filed each of its use tax returns; and (2) that the contested repair and maintenance charges were exempt from sales tax pursuant to SDCL 10–45–12.3, as it existed prior to July 1, 1990. K.O. Lee subsequently filed an application for taxation of costs in the amount of $964.64, and filed for attorney fees. Trial court awarded $337.51 in taxable costs to K.O. Lee, but refused to award attorney fees. Department appeals and K.O. Lee filed a notice of review on the costs and attorney fees. Further facts will be discussed where relevant to the issues on appeal.

## ISSUES

1. Whether trial court erred in ruling that SDCL 10–59–16 bars Department from collecting use tax three years from the date on which K.O. Lee filed each of its sales and use tax returns?

2. Whether trial court erred in ruling that repair and maintenance charges are exempt from sales tax pursuant to SDCL 10–45–12.3?

3. Whether trial court erred when it refused to tax attorney fees and sales tax incurred by K.O. Lee?

4. Whether trial court erred when it refused to tax costs of $964.64 sought by K.O. Lee?

## ANALYSIS

### Standard of Review

■ In an administrative appeal, this court makes the same review of the agency's decision as did the trial court, and we are unaided by any presumption that trial court's decision was correct. *Appeal of Templeton*, 403 N.W.2d 398 (S.D.1987). On appeal, this court reviews the record to determine whether the agency's findings of fact are clearly erroneous in light of all the evidence contained therein and whether its conclusions of law, which are freely reviewable, are affected by mistake of law. *Karras v. State, Dept. of Revenue*, 441 N.W.2d 678, 679 (S.D.1989); *Hanson v. Penrod Const. Co.*, 425 N.W.2d 396, 397 (S.D.1988); SDCL 1–26–36. With these standards of review in mind, we address the merits of Department's appeal.

### (1) *SDCL 10–59–16*

■ Trial court ruled that SDCL 10–59–16 imposes a three-year statute of limitations which prevents Department from collecting use tax beyond that period. Department challenges trial court's ruling, arguing that it violates the South Dakota Constitution by creating unequal treatment and discrimination between taxpayers within the same class, and allows K.O. Lee to

escape use taxation on purchases of $2.25 million worth of equipment which Department gleaned from the federal tax return depreciation schedules during its audit. As this is a matter of statutory interpretation, it is a question of law and therefore freely reviewable. *Karras, supra.* SDCL 10–59–16 provides as follows:

> Unless a proceeding or audit or action is commenced to determine and collect the tax, *the collection thereof shall be barred three years from the date the return reporting the tax is filed by or on behalf of the taxpayer.* There is no bar to assessment or collection of taxes, penalty or interest in the following instances:
>
> (1) Any period for which a taxpayer fails to obtain or maintain a license or permit required to engage in the activity which results in the tax obligation;
>
> (2) Any period for which a taxpayer fails to file a required return or report or *files a fraudulent return or report;* or
>
> (3) Any tax, penalty or interest first legally due and payable within three years of the date of mailing of a notice of intent to audit.

(Emphasis added.)

The tax which Department was attempting to collect from K.O. Lee was a use tax for $2.25 million worth of machinery and equipment purchased out of state between 1975 and 1986 for use at K.O. Lee's Aberdeen, South Dakota, plant. Use tax is governed by SDCL ch. 10–46 and is administered and enforced in the same manner as sales tax, pursuant to SDCL 10–46–39. Accordingly, we find the *Karras* case to be dispositive of this issue.

In *Karras,* we held that in the absence of a finding of fraud, Department's cause of action for payment of sales taxes accrued when the taxes became delinquent. 441 N.W.2d at 681. We determined in *Karras* that a statute of limitations does indeed exist for sales tax collection, and that a showing of fraud suspends the statute of limitations in tax cases. *Id.* Additionally,

SDCL 10–59–16(2) provides no bar to collection when a party fails to file a required return.

■ Department, in the present case, claims that since the $2.25 million worth of machinery and equipment was not included on K.O. Lee's tax reports as filed, these filed reports do not constitute a required return. Department cites to no statute or decisions which would guide this court in defining a "required return." The evidence does reflect that returns were filed by K.O. Lee on the appropriate forms and in a timely fashion. Once the form is filed, Department, under SDCL 10–59–16, has up to three years to audit such filed returns. If, for whatever reason, no audit is conducted within this three-year period, the statutes clearly provide that Department is precluded from collecting any unpaid taxes unless, of course, a fraudulent return has been filed. There is an absolute dearth of authority, statutes, rules, or regulations which would support a finding that "required" is interpreted as accurate, complete, or free of mistake under controlling law. If a filed return is not accurate, complete or free of mistake, the audit will so reflect. If a taxpayer files a return that is false or fraudulent in an attempt to evade the payment of sales tax, Department must prove same and then the door is open to go back beyond three years, which the legislature determined was a reasonable audit period. Accordingly, there is no question that K.O. Lee filed the required returns; rather, there is a question whether the use tax information was negligently, falsely, or fraudulently withheld.

■ In the present case, neither Department nor the trial court set forth any findings of fact indicating false or fraudulent conduct on the part of K.O. Lee in an attempt to defeat or avoid use tax liability. In the absence of such a finding, we cannot assume that fraud was present. *Karras, supra.* Therefore, pursuant to our holding in *Karras,* Department's cause of action to

collect the use tax accrued when the taxes became delinquent. We accordingly affirm trial court's holding that Department is barred from collecting use tax beyond the three-year period from the date K.O. Lee filed each of its use tax returns.

■ Department asserted trial court's interpretation of SDCL 10–59–16 violated the South Dakota Constitution. K.O. Lee argues that since the constitutional argument was not presented to trial court, it is not reviewable. We have previously held that the constitutionality of a statute may not be raised for the first time on appeal. *Sharp v. Sharp,* 422 N.W.2d 443 (S.D. 1988). We further held that a court could, in its discretion, decide to consider a constitutional issue raised for the first time on appeal, if it were of considerable importance to the State's public policy. *Id.* at 446. In light of our conclusion that trial court correctly interpreted SDCL 10–59–16 and existing case law, and perceiving no threat to South Dakota's public policy, we hereby decline to review Department's constitutional arguments.

## (2) *Repair and Maintenance*

The record reflects that during the three-year audit period K.O. Lee performed repair services on machinery and equipment at its plant in Aberdeen. Following the repair, K.O. Lee shipped most of the repaired property to its customers out of state. Trial court ruled that these repair and maintenance charges were exempt from sales tax pursuant to SDCL 10–45–12.3, as it existed for the audit period,[1] which provides: "The tax imposed by this chapter [sales tax] upon persons performing services does not apply to transactions *if the beneficial use of the service occurs entirely outside the state.*" (Emphasis added.)

■ Trial court's decision was based in part on its retrospective application of *Matter of State and City Sales Tax Liability of Quality Service Railcar,* 437 N.W.2d

209 (S.D.1989), which clarified the meaning of "beneficial use." The holding of *Quality Service Railcar* is as follows:

[W]e hold that the 'beneficial use' of the repair service is the location where the repaired railroad car is put to use to make a profit. Therefore, those railroad cars repaired at the Sioux Falls facility, that are put to use to make a profit entirely out of state, are exempt from the sales tax, SDCL 10–45–12.3, and Department's interpretation that the location of the repair dictated whether or not the services were taxable is in error.

437 N.W.2d at 211–12. Department argues that this case should not have been applied retrospectively. Again, this is entirely a question of law and, therefore, freely reviewable. *Karras, supra.*

It is well settled that this court "has the inherent power to apply its decisions prospectively or retrospectively without offending constitutional principles." *State v. One 1966 Pontiac Auto., Etc.,* 270 N.W.2d 362, 365 (S.D.1978).

In *Matter of Royal Plastics, Inc.'s Request,* 471 N.W.2d 582 (S.D.1991), where the sales and use tax audit period was March 1, 1985 through February 29, 1988, we chose to apply *Quality Service Railcar, supra,* and concluded that for SDCL 10–45–12.3 to apply, "the 'beneficial use' must occur entirely outside the State of South Dakota." *Royal Plastics,* 471 N.W.2d at 586. Department applied *Quality Service Railcar* in *Royal Plastics,* and under that holding, Department was allowed to collect tax after we determined the beneficial use occurred partially within South Dakota; whereas here, the application bars collection.

The audit period for K.O. Lee runs from November, 1986 through October, 1989. Thus, K.O. Lee is subject to SDCL 10–45–12.3 in its unamended form, as the legisla-

---

1. In 1990, this statute was amended to include repair and maintenance charges for sales tax purposes.

ture did not provide that the 1990 amendment was to operate retroactively. *See Gasper v. Freidel*, 450 N.W.2d 226 (S.D. 1990). *Quality Service Railcar* did not create new rights under SDCL 10–45–12.3; it merely interpreted language in the statute which had been present since 1983. As the audit period accrued prior to the amendment of SDCL 10–45–12.3 and *Quality Service Railcar* served merely to interpret that statute, we think it is applicable to K.O. Lee and, therefore, affirm trial court's decision to apply this case retrospectively.

■ Pursuant to the *Quality Service Railcar* decision, K.O. Lee had to prove that the repaired parts and machines are used to make a profit *entirely outside South Dakota*. The record reflects that K.O. Lee's invoices for the audit period show that the repaired parts or machines were shipped to out-of-state purchasers with out-of-state destinations. Further, the record shows Department made a finding of fact that K.O. Lee made no actual use of this equipment. Accordingly, we agree with trial court's conclusion that K.O. Lee met its burden of proof under SDCL 10–45–12.3, *Quality Service Railcar*, and *Royal Plastics*. Trial court's decision is affirmed.

## (3) *Attorney Fees and Sales Tax*

■ Trial court has discretion to award "costs in the amount and manner specified in chapter 15–17." SDCL 1–26–36. By notice of review, K.O. Lee argues that trial court abused its discretion when it failed to award the attorney fees and sales tax incurred by K.O. Lee in defending this claim. While K.O. Lee argues it is entitled to sanctions pursuant to SDCL 15–6–11(d), counsel did not file any motions for sanc-

tions at any point in the proceedings prior to this appeal. Thus, K.O. Lee did not allow trial court to rule on this issue and, therefore, nothing is presented for review. *State v. Sickler*, 334 N.W.2d 677 (S.D. 1983); *American Fed. Sav. & Loan Ass'n, Etc. v. Kass*, 320 N.W.2d 800 (S.D.1982). We therefore conclude the issue is not properly before us.

## (4) *Taxing K.O. Lee's Costs*

■ On notice of review, K.O. Lee argues trial court should have taxed costs in the amount of $964.64 instead of $337.51. Only costs authorized by statute are recoverable. *Magbuhat v. Kovarik*, 445 N.W.2d 315 (S.D.1989).[2] K.O. Lee's application for taxation of costs was as follows:

| | |
|---|---|
| For all proceedings before hearing | $ 10.00 |
| For all proceedings after hearing | 5.00 |
| Clerk of courts, filing fee | 32.50 |
| Deposition transcript fee | (202.51)* |
| Hearing transcript fee | 205.80 |
| Copying expense (1,860 copies at .15 per copy) | 279.00 |
| Long distance telephone expense | 14.03 |
| For attending upon and taking the deposition of a witness (SDCL 15–17–2(3)) (5 witnesses at $2.00 each) | 10.00 |
| Statutory witness fee for depositions (5 witnesses at $20.00 ($100.00)) plus (10 miles at .26 ($2.60)) | 102.60 |
| Statutory witness fee for hearing and mileage (1 witness at $20.00) plus (320 Miles at .26 ($83.20)) | 103.20 |
| TOTAL | $964.64 |

Trial court allowed taxation of costs in the following amount:

---

**2.** SDCL 15–17–4 provides as follows:
   In all cases when a party is allowed to recover costs, the clerk shall also tax as a part of the judgment the allowance of such party's witnesses', interpreters', translators', officers', and printers' fees, reasonable copying fees, fees for the service of process, filing fees and the necessary expense of taking depositions and procuring necessary evidence.

Proceedings before hearing $ 10.00
Proceedings after hearing   5.00
Filing fee                 32.50
Statutory witness fee      20.00
Mileage for that witness
  (320 mi. at .21           67.50
Copying costs (1,860 at .15
  per copy)               (202.51)*

————

TOTAL            $337.51

* The highlighted amounts reflect an apparent clerical error in trial court's award, as the amount of Deposition transcript fee is $202.51, and the copying costs are $279.00.[3]

The costs actually awarded by trial court were appropriate in light of the evidence to support such an award. Trial court allowed $202.51, mistakenly labeled as copying costs, and we affirm trial court's total cost award which incorporated the $202.51 amount. However, this amount should be reflected as a deposition transcript cost, not as an award of copying costs.

K.O. Lee submitted evidence to support its application for costs and, upon review, we find statutory authority to affirm trial court's award of costs with the exception of copying costs and long-distance telephone expenses. *Kallis v. Beers*, 375 N.W.2d 642, 645 (S.D.1985); *Arcon Const. Co. v. S.D. Cement Plant*, 349 N.W.2d 407, 416 (S.D.1984). Therefore, we find K.O. Lee is entitled to its reasonable costs in the amount of $671.61, and adjust K.O. Lee's award accordingly.

In light of our affirmance of trial court's judgment in its entirety on Issues 1 and 2, we decline to address K.O. Lee's notice of review issue asking us to determine whether trial court acted correctly as to issues 1 and 2, regardless of the reasons given, hereby deeming it moot.

Trial court's decision is affirmed with directions to adjust K.O. Lee's costs in accordance with this decision.

**3.** The amount trial court allowed was actually for the deposition transcript, a cost allowed by SDCL 15–17–4. From the record, it appears

MILLER, C.J., and WUEST, J., concur.

HENDERSON and SABERS, JJ., concur in part and dissent in part.

HENDERSON, Justice (concurring in part; dissenting in part).

I concur in the entirety of this opinion but dissent to the dissertation on costs (Issue 4).

If you multiply 1860 pages at 15¢ per copy, you arrive at $279.00. Trial court mistakenly put down $202.51. The latter amount was the "Hearing transcript fee"; there is no doubt that the trial court decided that the transcript fee be awarded.

In my opinion, the trial court intended to award copying costs, also, because it said so: "Copying costs (1860 at .15 per copy)"; unfortunately, it inserted $202.51 (the deposition transcript fee) instead of $279.00 (the copying costs). It is one little error on costs and it should be corrected.

This Court is empowered under SDCL 15–26A–12 and SDCL 15–30–2 to "reverse, affirm, or modify the judgment" and "direct the entry of such judgment or order as the court deems required by the record . . ." Hence, I would, regarding the costs, simply affirm the costs, with the exception of telephone costs which are not taxable, and modify the judgment of taxation of costs to insert $279.00 in the column as it clearly appears to me that it was the intention of the court to award copying costs and delete the $14.03 in "long distance telephone expense." Thus, I would affirm and modify the judgment accordingly, thereby obviating the necessity of returning this case back to the trial court.

SABERS, Justice (concurring in part and dissenting in part).

I concur with issues 1, 2, and 3, but dissent on Issue 4.

trial court did not find $279.00 copying costs to be reasonable.

The majority correctly states that "[o]nly costs authorized by statute are recoverable." The majority then cites SDCL 15–17–4 which provides in part: "[T]he clerk shall also tax ... reasonable copying fees." The majority claims they could "find statutory authority to affirm trial court's award of costs with the exception of *copying costs*...." (emphasis added).

SDCL 15–17–4 specifically allows copying fees as taxable costs! In fact, the trial court allowed copying fees as taxable costs. The trial court found these copying fees to be reasonable under SDCL 15–17–4 and they should be allowed absent a showing to the contrary. The majority denies K.O. Lee the amount of its copying fees by assuming the trial court's "clerical error" was its reference to the item rather than its reference to the amount.

At the very least, we should remand to the trial court to correct its own "clerical error" and to reconsider the copying fees *and* the deposition transcript costs under the statutory authority of SDCL 15–17–4.