2003 SD 132

Danny GOODROAD, Petitioner,

v.

Doug WEBER, Warden, South Dakota State Penitentiary, Tim Reisch, Secretary of Corrections, Larry Long, Attorney General, State of South Dakota, Respondents.

No. 22919.

Supreme Court of South Dakota.

Considered on Briefs Oct. 2, 2003.

Decided Nov. 5, 2003.

Danny Goodroad, Pro se.

Lawrence E. Long, Attorney General, Patrick T. Smith, Davison County State's Attorney, and Chris A. Nipe, Davison County Special Deputy State's Attorney, Mitchell, South Dakota, for respondents.

GILBERTSON, Chief Justice.

[¶ 1.] Danny Goodroad has filed a motion for a certificate of probable cause to appeal the circuit court's denial of habeas corpus relief from his various criminal convictions. We deny the motion.

FACTS

[¶ 2.] Goodroad was convicted of driving while under the influence, false personation, receiving stolen property and as a habitual offender in the circuit court for Davison County with Judge McMurchie presiding. Goodroad appealed and his convictions and thirty-seven year penitentiary sentence were affirmed by this Court in a decision entered April 30, 1997. *See State v. Goodroad,* 1997 SD 46, 563 N.W.2d 126. After the direct appeal, attorney Michael Thompson represented Goodroad in a habeas corpus action in Davison County. Circuit Judge Lee Anderson presided over the case and ultimately denied Goodroad relief.

[¶ 3.] On April 23, 2003, Goodroad filed a second application for a writ of habeas corpus in Davison County. This application was filed pro se. Judge Anderson again presided over the matter and denied relief on June 16. Goodroad subsequently sought a certificate of probable cause from Judge Anderson for purposes of bringing an appeal, but the certificate was denied in an order dated July 7. Goodroad now seeks a certificate of probable cause from this Court.

ANALYSIS

[¶ 4.] Judge Anderson denied Goodroad's second application for a writ of habeas corpus on the basis of SDCL 21–27–16.1 which requires that all grounds for habeas corpus relief be raised in the original application.[1] Grounds not raised in the original application cannot be raised in a subsequent application unless the court finds "reasonable cause" for their omission from the original application. *Id.* In *Jackson v. Weber,* 2001 SD 136, 637 N.W.2d 19, this Court held that "reasonable cause" is established by a showing of ineffective assistance of counsel in the original habeas corpus proceeding.

[¶ 5.] Goodroad contended that his original habeas counsel was ineffective in presenting a claim that his counsel on direct appeal was ineffective for failing to

---

1. SDCL 21–27–16.1 provides in full:

    All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application.

rely on a proportionality study in arguing that his sentence was cruel and unusual. Judge Anderson rejected the argument finding that counsel's lack of reliance on the study was non-prejudicial[2] because this Court held in the direct appeal that the sentence was not shocking to the conscience and did not "activate[] a proportionality review." *See Goodroad*, 1997 SD 46 at ¶ 40, 563 N.W.2d at 135. According to settled law at the time of the direct appeal, Judge Anderson could reach no other conclusion. *See e.g. State v. Anderson*, 1996 SD 46, ¶ 29, 546 N.W.2d 395, 402 (first step in reviewing constitutional challenge to sentence is determining whether it shocks the conscience so as to activate Eighth Amendment proportionality tests). *Accord State v. Pulfrey*, 1996 SD 54, ¶ 7, 548 N.W.2d 34, 36. Moreover, settled law at the present time would require no different result. *See State v. Guthmiller*, 2003 SD 83, ¶ 43, 667 N.W.2d 295, 309 (if sentence does not appear "grossly disproportionate," no further review is necessary).

[¶ 6.] Based upon the foregoing, to whatever extent counsel was deficient in the original habeas corpus action, the deficiency was non-prejudicial because no different result could have been achieved. *See Strickland, supra*. Therefore, the deficient performance did not rise to the level of ineffective assistance of counsel. *See id.* Absent a showing of ineffective assistance of counsel in the original habeas corpus action, Goodroad's second action was barred by SDCL 21–27–16.1 and Judge Anderson appropriately denied Goodroad relief. *See Jackson, supra.*

2. Under *Jackson, supra*, counsel's effectiveness in a prior habeas corpus proceeding is determined according to the two part standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

[¶ 7.] Goodroad questions the propriety of Judge Anderson presiding over both his original and his second habeas corpus action. In that regard, he cites SDCL 21–27–14.1:

> The application shall be heard before any judge of the court in which the conviction took place. A record of the proceedings shall be made and kept. There may be no proceedings on an application by a judge who imposed sentence on the applicant *or who otherwise denied him relief concerning the subject matter involved in the application.* (emphasis added).

[¶ 8.] Respondents contend that this statute only prohibits habeas corpus proceedings from being conducted by the original trial court judge. This Court has recognized that, under SDCL 21–27–14.1, a judge who presides at trial cannot preside at a state habeas corpus hearing. *See State v. Phipps*, 406 N.W.2d 146, 150 n. 2 (S.D.1987). However, the statute is not limited to that situation. Not only does it prohibit habeas corpus proceedings by the "judge who imposed sentence," but also by any other judge who has "otherwise denied [the applicant] relief concerning the subject matter involved in the application." A plain reading of this language includes a judge who has previously denied an applicant habeas corpus relief from his criminal conviction. *See State v. Brassfield*, 2000 SD 110, ¶ 14, 615 N.W.2d 628, 632 (statutes must be given their plain meaning and effect).

## DECISION

[¶ 9.] Based upon the plain language of SDCL 21–27–14.1, Judge

(1984). Under that standard, a showing of ineffectiveness requires a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense.

Anderson should not have presided over Goodroad's second habeas corpus action. Nevertheless, no prejudice resulted from his participation. Judge Anderson reached the only result possible in denying Goodroad's second application because the application clearly had no merit under settled law. Thus, Judge Anderson's participation in this particular case is not alone sufficient to warrant issuance of a certificate of probable cause that an appealable issue exists. Accordingly, the motion for issuance of a certificate of probable cause is denied.

[¶ 10.] SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.