#24516-a-JKK

**2008 SD 22**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

ROSCOE PRIMEAUX,                                        Petitioner and Appellant,

>       v.

BOB DOOLEY, Warden, Mike
Durfee State Prison, Springfield,
South Dakota,                                          Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CHARLES MIX COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE GLEN W. ENG
Judge

\* \* \* \*

KEITH GOEHRING                          Attorney for petitioner
Parkston, South Dakota                  and appellant.

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General              Attorneys for respondent
Pierre, South Dakota                    and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON FEBRUARY 11, 2008

OPINION FILED **03/19/08**

#24516

KONENKAMP, Justice

[¶1.]        Petitioner was convicted by a jury in 1981 of second degree murder and two counts of aggravated assault.  Over the next two decades, he filed several requests for writs of habeas corpus in both state and federal court.  In this appeal on his second habeas petition in state court, petitioner argues that he was denied his constitutional right to have a jury composed of a fair cross section of the community.  The habeas court denied petitioner's request for relief, concluding that although there was some disparity it was not sufficient to violate his constitutional rights.  He appeals, and we affirm.

## Background

[¶2.]        In December 1981, Roscoe Primeaux was convicted by a jury of second degree murder and two counts of aggravated assault.  He was sentenced to life without the possibility of parole for the second degree murder conviction, four years in prison for the first aggravated assault conviction, and six years for the second.  The four and six year sentences were to run concurrently with his life sentence.  Primeaux appealed his convictions, and this Court affirmed.  State v. Primeaux, 328 NW2d 256 (SD 1982).

[¶3.]        Primeaux then filed several requests for writs of habeas corpus in federal and state courts.  In 1984, he filed a petition in federal district court asserting that (1) his life sentence constituted cruel and unusual punishment, and (2) the South Dakota state court did not have jurisdiction to convict him.  The petition was dismissed without prejudice because he had not yet asserted the issues in state court.  In 1988, Primeaux filed another petition in federal court, but later

-1-

requested that it be dismissed because he had not exhausted his state-court remedies. Later that same year, he filed a petition in state court claiming that his trial counsel was ineffective for various reasons. After the habeas court denied his petition, he appealed to this Court asserting that (1) his trial counsel was ineffective; (2) the habeas court erred when it did not appoint a psychologist for the habeas proceeding; and (3) the state court did not have jurisdiction over him. This Court reviewed his claims and denied habeas relief in *Primeaux v. Leapley*, 502 NW2d 265 (SD 1993).

[¶4.]        In 1994, Primeaux filed a petition in federal court advancing essentially the same issues asserted in his state-court petition. The federal district court denied his claims, and the Eighth Circuit Court of Appeals affirmed. Primeaux again challenged the state's jurisdiction over him by filing another habeas petition in federal court in 1996. The petition was dismissed because all parties stipulated that the state had jurisdiction. In 2004, Primeaux filed another petition in federal court asserting, among other things, that his constitutional rights were violated because the jury that convicted him did not represent a fair cross section of the community and that one of the Native American jurors was excluded with a preemptory challenge on an improper basis under *Batson v. Kentucky*, 476 US 79, 106 SCt 1712, 90 LEd2d 69 (1986). The federal court denied his petition because he failed to comply with 28 USC 2244(b)(2) and (b)(3)(A), which required him to assert these claims in his previous federal habeas applications or provide an order from the court of appeals granting the federal district court permission to consider the successive application.

[¶5.]        In 2005, Primeaux brought another habeas corpus action in state court. In his supplemental petition, he asserted that (1) his constitutional rights to an impartial jury were violated because the jury panel did not represent a fair cross section of the community; (2) his equal protection rights were violated because one juror was excluded solely on account of the juror's race; and (3) he was denied his right to effective assistance of counsel when his trial attorney failed to object to the makeup of the jury panel and the exclusion of a juror because of that juror's race. The State responded that Primeaux's petition should be dismissed because (1) under SDCL 21-27-3.2, the State is prejudiced by the application being twenty-five years after the filing of the judgment and conviction; (2) res judicata and collateral estoppel bar relief because Primeaux failed to raise these issues in his previous habeas petition; (3) *Batson* does not apply retroactively; and (4) SDCL 21-27-16.1 prohibits the filing of successive habeas petitions where there is no reasonable cause for the petitioner's failure to raise the issues in a previous petition.

[¶6.]        A hearing was held in November 2006. The habeas court examined whether (1) Primeaux received effective assistance of counsel in his previous habeas corpus proceedings; and (2) the selection of the jury violated his constitutional rights. Findings of fact and conclusions of law and an order were issued denying the petition. According to the court, Primeaux "did not present any evidence regarding the effectiveness of counsel on the prior habeas corpus attack." Further, the court found that despite a disparity on the jury panel, it had "no reason to believe that the low representation of Native Americans on the jury selection panel

was in any way done intentionally, or done as a blocking on account of that person's race."

[¶7.]        Primeaux appeals asserting that he was "unconstitutionally denied his right to have a jury drawn from a fair cross section of the community during his December 1981, jury trial."

## Standard of Review

[¶8.]        Our standard of review on habeas corpus is well established:

> Habeas corpus is a collateral attack on a final judgment, and therefore our scope of review is limited. Lodermeier v. Class, 1996 SD 134, ¶3, 555 NW2d 618, 621. A habeas applicant bears the initial burden to establish a colorable claim for relief. Jenner v. Dooley, 1999 SD 20, ¶11, 590 NW2d 463, 468. Accordingly, the State has only the burden of meeting the petitioner's evidence. Davi v. Class, 2000 SD 30, ¶26, 609 NW2d 107, 114. The habeas court's factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed de novo. Meinders v. Weber, 2000 SD 2, ¶5, 604 NW2d 248, 252 (citations omitted).

Rodriguez v. Weber, 2000 SD 128, ¶12, 617 NW2d 132, 138.

## Analysis and Decision

[¶9.]        The State first asserts that Primeaux's petition should be dismissed under SDCL 21-27-16.1, because there is no factual or legal reason why he was prevented from challenging the jury selection process in his first petition for a writ of habeas corpus filed in state court in 1988. Primeaux contends that SDCL 21-27-16.1 does not bar his request for relief because he was denied effective assistance of counsel. He also asserts that since the issue of whether the jury selection process violated his constitutional rights is meritorious and has not yet been considered, SDCL 21-27-16.1 should not apply.

#24516

[¶10.]   "Grounds not raised in the original application cannot be raised in a subsequent application unless the court finds 'reasonable cause' for their omission from the original application."  Goodroad v. Weber, 2003 SD 132, ¶4, 671 NW2d 838, 839 (citation omitted).  To establish reasonable cause, Primeaux must show: (1) "[c]ause for his omission or failure to previously raise the grounds for habeas relief;" and (2) "[a]ctual prejudice resulting from the alleged constitutional violation."  *See* Gregory v. Solem, 449 NW2d 827, 830 (SD 1989) (citing Wainwright v. Sykes, 433 US 72, 97 SCt 2497, 53 LEd2d 594 (1977)); *see also* Jackson v. Weber, 2001 SD 30, ¶11, 637 NW2d 19, 22.  Cause, according to the United States Supreme Court, "does not turn on whether counsel erred or on the kind of error counsel may have made."  Murray v. Carrier, 477 US 478, 494, 106 SCt 2639, 2648, 91 LEd2d 397 (1986).  Rather, if the representation by habeas counsel is not ineffective under *Strickland*, then "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Id.* (citing Strickland v. Washington, 466 US 668, 104 SCt 2052, 80 LEd2d 674 (1984)).  Examples offered by the Court include:  "a showing that the factual or legal basis for a claim was not reasonably available to counsel, *see Reed v. Ross*, 468 US [1, 16, 104 SCt 2901, 2910, 82 LEd2d 1 (1984]] or that 'some interference by officials,' *Brown v. Allen*, 344 US 443, 486, 73 SCt 397, 422, 97 LEd 469 (1953), made compliance impracticable[.]"  *Id.*

[¶11.]   Primeaux has not established cause for omitting the jury selection issue in his 1988 state-court habeas petition.  He presented no evidence to the

habeas court to establish that his previous habeas counsel was ineffective, thereby justifying his failure to earlier assert the issue. While in his brief to this Court, Primeaux contends that his previous habeas counsel was ineffective, he has failed to support this assertion. Because Primeaux has not established that his previous habeas counsel was ineffective, he must identify "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *See Murray*, 477 US at 494, 106 SCt at 2648, 91 LEd2d 397. This he has not done. There is no factual or legal basis to show that his right to challenge the jury selection process was unavailable to him in 1988, as his constitutional right to have a jury representing a fair cross section of the community existed when he was convicted, when he brought his direct appeal to this Court, and when he filed his first habeas petition. Moreover, Primeaux makes no claim that interference by any official precluded him from asserting this issue previously. Therefore, Primeaux has not satisfied the cause prong of the cause and prejudice test, and SDCL 21-27-16.1 bars consideration of the jury selection issue.[*]

[¶12.] Even if Primeaux was not barred from asserting his jury cross section issue, his claim would be unpersuasive. In *St. Cloud v. Class*, this Court examined

---

[*] The habeas court did not specifically bar Primeaux's petition under SDCL 21-27-16.1. However, it did note that Primeaux could not continually seek relief on individual issues by filing repeated habeas petitions. In its oral ruling, the court said that it was examining "whether you can continually challenge through a habeas corpus petition decisions that have already been made. . . . It is and has been the determination of the courts of this land, both the United States and the South Dakota Supreme Court, that basically you must examine all of the matters on a collateral attack. You do not get to individually take each of them, take a run at it and then turn around when one fails, to make another argument that you hope will free you."

the same issue asserted by Primeaux, and upheld the State's jury selection process. *See* 1996 SD 64, 550 NW2d 70. In *St. Cloud*, we were asked to examine the constitutionality of the makeup of a 1989 jury. *Id.* ¶7. We wrote:

> To establish a prima facie challenge, the defendant must show that:
>
> (1) the group excluded is a "distinct" group in the community;
>
> (2) the representation of this group in the jury pool is not fair and reasonable in relation to the number of such persons in the community;
>
> (3) this underrepresentation is due to the systematic exclusion of the group from the jury-selection process.

*Id.* ¶10 (quoting State v. Lohnes, 432 NW2d 77, 83-84 (SD 1988) (citing Duren v. Missouri, 439 US 357, 363, 99 SCt 664, 668, 58 LEd2d 579 (1979); Turner v. Fouche, 396 US 346, 90 SCt 532, 24 LEd2d 567 (1970))).

[¶13.] In this case, the first element is satisfied, as the State does not dispute that Native Americans are a distinct group. In regard to the second element, the habeas court found that the evidence established that 16.9 percent of the population of Charles Mix County at the time of Primeaux's trial was Native American, and fifty-four people were on the jury panel, three being Native American. Therefore, according to the court, Native Americans represented 5.5 percent of the jury panel, creating an 11.4 percent disparity.

[¶14.] Despite the disparity identified by the habeas court, the State contends that Primeaux failed to prove that the under representation was unfair or unreasonable. In particular, the State relies on *St. Cloud*, where we held that a 12.5 percent disparity was not unfair or unreasonable in relation to the number of

persons in the community. *See* 1996 SD 64, ¶¶19-21, 550 NW2d at 75-76. In response, Primeaux relies on several federal cases and contends that a disparity of over 10 percent satisfies the second prong. *See* United States v. Garcia, 991 F2d 489 (8thCir 1993); United States v. Clifford, 640 F2d 150 (8thCir 1981); United States v. White Lance, 480 FSupp 920 (DCSD 1979).

[¶15.]        In *State v. Hall*, we recognized that the United States Supreme Court had not identified what percent constituted a constitutional violation, but that "an absolute percentage difference of fifteen percent or more would require supplementation of the jury panel." 272 NW2d 308, 310-11 (SD 1978) (citing United States v. Test, 550 F2d 577 (10thCir 1976); Foster v. Sparks, 506 F2d 805 (5thCir 1975)). In light of the fact that a 15 percent disparity required supplementation, in *St. Cloud*, we held that an absolute disparity of 12.5 percent did not establish under representation that was unreasonable. 1996 SD 64, ¶¶20-21, 550 NW2d at 76.

[¶16.]        Similarly, the disparity in Primeaux's case of 11.4 percent does not amount to unfair and unreasonable under representation sufficient to satisfy the second prong. Moreover, despite the disparity, the under representation was not the result of any inherent discrimination in the jury selection process or systematic exclusion of Native Americans. South Dakota's former process for selecting prospective jurors by using the list of registered voters was previously reviewed and accepted in *St. Cloud*, 1996 SD 64, ¶¶22-26, 550 NW2d at 76-77, and *Clifford*, 640 F2d at 155-56. Neither Court found a systematic exclusion of Native Americans from South Dakota juries in violation of defendants' constitutional rights. According to the court in *Clifford*, "The mere fact that one identifiable group of

individuals votes in a lower proportion than the rest of the population does not make a jury selection system illegal or unconstitutional." 640 F2d at 156. Then, in *St. Cloud*, we acknowledged the holding in *Clifford* and other federal cases, and found that the State's jury selection process did not systematically exclude Native Americans. 1996 SD 64, ¶¶22-26, 550 NW2d at 76-77.

[¶17.]     Primeaux's final claim is that his constitutional right to a fair and impartial jury was violated because the Charles Mix County Auditor did not follow SDCL 16-13-1 through SDCL 16-13-10 when he, alone, selected the persons for the master jury list for his trial. This argument also is precluded. Although Primeaux did present this issue in his petition for a writ of habeas corpus, he failed to seek any ruling from the habeas court. "[N]o error is preserved for review on appeal when the court below fails to rule on a matter presented for decision." State v. Sickler, 334 NW2d 677, 679 (SD 1983) (citing American Fed. Sav. & Loan Ass'n v. Kass, 320 NW2d 800, 803 (SD 1982)). *See also* State v. Nelson, 1998 SD 124, ¶7, 587 NW2d 439, 443 (citations omitted) ("Issues not advanced at trial cannot ordinarily be raised for the first time on appeal.").

[¶18.]     Affirmed.

[¶19.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.