**GOVERNMENT OF THE VIRGIN ISLANDS, PLAINTIFF**

**v.**

**ELEANOR TRANBERG, Defendant**

Cr. No. 460/1992

Territorial Court of the Virgin Islands

Div. of St. Croix

February 11, 1993

ELTMAN, *Judge*

## MEMORANDUM AND ORDER

As the jury trial of this matter was about to begin on December 16, 1992, the Government announced that the complaining witness, George Dyer, an elderly and infirm resident of the Herbert Grigg Home for the Aged, refused to testify. In lieu of his testimony, the Government sought to admit the written notes of an interview of Dyer conducted by Sergeant Glenn Awong. The interview had

taken place on May 28, 1992, twelve days after the alleged assault. Following a hearing out of the presence of the jury, the Court found that Dyer was unavailable within the meaning of Fed. R. Evid. 804(a)(4)[1] and admitted the investigating officer's notes (Government Exhibit 3) pursuant to Rule 804(b)(5).[2] This ruling was made over the objection of the defendant and, because of time constraints, without an opportunity to conduct sufficient research. The jury had been waiting to begin the trial, which had been continued once before on motion of the Government. It could not practically be continued again. The defendant had procured the attendance of a witness from off-island and defense counsel was about to discontinue the active practice of law and would be unavailable to try the case in the future.

The jury convicted the defendant of abuse of the elderly, 34 V.I.C. § 460, and acquitted her of assault in the third degree, 14 V.I.C. § 297(3). The Court set sentencing for February 12, 1993. It also requested legal memoranda on the issue of admissibility of the officer's notes. The defendant has filed a skeletal motion for judgment of acquittal, which merely reiterates her oral Rule 29 motion and which is unaccompanied by a memorandum or any citations to authority. The Government has filed nothing except a meritless opposition to the timeliness of the defendant's written motion.

■■ As established at the pretrial hearing, the complainant in this case is frail and vulnerable, both physically and emotionally.

---

[1] Rule 804(a)(4):

> (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant
>
> (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity.

[2] Rule of Civil Procedure 804(b)(5) provides:

> Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

He is partially paralyzed and confined to bed or to a geriatric chair. He is unable to care for himself. Whether or not objectively justified, he feels frightened and intimidated by other employees of the Grigg Home. This type of case can be analogized to a criminal child abuse matter, an area in which caselaw as well as statutes have eased to some extent the traditional strictures requiring the live courtroom appearance of victims. Cf., 5 V.I.C. § 3510 (videotaped testimony of minors). Hearsay statements made to investigating officers or therapists may be admitted under certain circumstances. Idaho v. Wright, 497 U.S. 805, 110 S. Ct. 3139 (1990); Ohio v. Roberts, 448 U.S. 56, 100 S. Ct. 2531 (1991). For example, the Supreme Court has noted:

> Out-of-court statements made by children regarding sexual abuse arise in a wide variety of circumstances, and we do not believe the Constitution imposes a fixed set of procedural prerequisites to the admission of such statements at trial.

Idaho v. Wright, supra at 3148; Cf., also Maryland v. Craig, 497 U.S. 820, 110 S.Ct. 3139; Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798 (1988).

A criminal defendant, however, still enjoys the protection of the Confrontation Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment and which provides:

> In all criminal prosecutions, the accused shall enjoy the right. . . to be confronted with the witnesses against him.

While the Confrontation Clause does not guarantee a criminal defendant the absolute right to a face to face meeting with trial witnesses, Coy v. Iowa, supra, at least some of the tests of reliability of a witness' statement must be available to the defendant in a criminal proceeding. Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337 (1895).

The Confrontation Clause:

> (1) insures that the witness will give his statements under oath —thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'; [and] (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.

California v. Green, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935 (1970). Here, the jury had not one of the enumerated opportunities to consider the reliability of Dyer's account of what had happened to him. Dyer's statement to the police officer was not made under oath. Defense counsel had no chance to cross-examine him. The jury did not see Dyer and of course could not observe his demeanor.

██ Dyer's statement to Sergeant Awong may have well been completely accurate. However, given the circumstances under which Dyer made the complaint, as well as his physical and mental condition, the hearsay statement by no means has such "particularized guarantees of trustworthiness" that traditional adversarial testing would be superfluous. Idaho v. Wright, supra at 3149, citing Lee v. Illinois, 476 U.S. at 544, 106 S.Ct. at 2063 (1986). A court may strive to be sensitive to the problems encountered by the prosecution in a particular case and to the implications in this instance of the alleged abuse of an elderly man. It hardly needs restating, however, that a court is bound by, and the defendant continues to enjoy, fundamental constitutional protections.

The Government advocated its position vociferously prior to and at trial. However, it has never provided the Court with a shred of legal authority in support of its position. The Court's own research, unaided by either side, indicates that there is no support for the Government's position. The written notes of Sergeant Awong, Government Exhibit 3, should not have been admitted at trial. Without such evidence, the case could not properly have gone to the jury. Accordingly, it is hereby

ORDERED that the defendant's renewed motion for judgment of acquittal as to Count II of the information is granted; and it is further

ORDERED that the presently scheduled sentencing date of February 12, 1993, is vacated, and the defendant is discharged.