#24963-r-JKK

**2009 SD 22**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

RODNEY COWANS,                                    Petitioner and Appellee,

    v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES and
DOUGLAS WEBER, Warden,                   Respondents and Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE PETER H. LIEBERMAN
Judge

\* \* \* \*

HENRY K. EVANS                              Attorney for petitioner
Sioux Falls, South Dakota                   and appellee.

MAX A. GORS
Assistant Attorney General                  Attorney for respondents
Pierre, South Dakota                        and appellants.

\* \* \* \*

ARGUED ON FEBRUARY 17, 2009

OPINION FILED **04/01/09**

#24963

KONENKAMP, Justice

[¶1.]        After petitioner pleaded guilty, the circuit court gave him an indeterminate sentence, leaving to the Board of Pardons and Paroles the discretion to set petitioner's actual term of years.  The Parole Board held a hearing and imposed the maximum term of the indeterminate sentence.  Petitioner sought a writ of habeas corpus alleging that he was denied his right to court-appointed counsel before the Parole Board at the indeterminate sentencing hearing.  The habeas court agreed and ordered the Parole Board to hold a second hearing affording petitioner a right to court-appointed counsel.  On appeal by the State, we reverse because a Parole Board hearing setting the term of an indeterminate sentence is an administrative action in which an inmate has no right to court-appointed counsel.

**Background**

[¶2.]        Petitioner Rodney Cowans pleaded guilty to felony child abuse in violation of SDCL 26-10-1.  On March 17, 2003, a circuit judge gave him an indeterminate sentence of not less than five years and not more than ten years.  *See* SDCL 23A-27-37 (repealed in 2004).  After sentencing, petitioner's court-appointed attorney advised him that the Parole Board would hold a hearing at which petitioner would appear and that the Parole Board would impose a sentence within the range set by the court.  On March 20, 2003, counsel informed petitioner in writing that "South Dakota law does not give you the right to have an attorney at that hearing.  If you wish to preserve that issue for appeal, be sure to ask for one at

-1-

each proceeding." On October 31, 2003, petitioner was advised in writing by the Parole Board in relevant part as follows:

> 2. That I have the right to appear with my attorney (retained by me).
>
> 3. That if I cannot afford an attorney, I may request the sentencing court to appoint an attorney to represent me. The request may or may not be granted by the Court.
>
> 4. I further understand that an attorney may help in the presentation of my case to the Board at the above hearing.
>
> 5. I understand that even in the event I do not have an attorney, that I have the right to be present at the above hearing, and to present written letters and statements for the Board to consider in this matter, and that the Board may also consider letters, statements and similar kinds of non-testimonial evidence from victims and the interested persons.
>
> 6.
> > A. I request that counsel be appointed for me.
> >
> > or
> >
> > B. I do not request the appointment of counsel.

The advisement required petitioner to initial each sentence. He did. He also initialed "B," indicating that he did not request the appointment of counsel.

[¶3.]     At the indeterminate sentencing hearing on November 21, 2003, the Parole Board orally questioned petitioner about whether he desired to have representation. Petitioner was asked, "It's the duty of the Parole Board at this time, Mr. Cowans, to set [your] sentence. You're not represented by a lawyer?" Petitioner responded, "No." The Parole Board then asked, "Do you wish to be?" Petitioner replied, "No." The hearing continued. Petitioner spoke on his own behalf. Hope Matchan of the State's Attorney's Office in Minnehaha County spoke

on the State's behalf. She recommended that petitioner's sentence be set for the full ten-year term. The Parole Board entered an order setting petitioner's term in prison at ten years. Petitioner did not appeal this order to the circuit court.

[¶4.]        In 2007, petitioner sought a writ of habeas corpus asserting, among other things, that the Parole Board denied him his right to court-appointed counsel at the indeterminate sentencing hearing because it allowed him to proceed without counsel although the State was represented by counsel. After a hearing, the court issued findings of fact and conclusions of law and an order granting petitioner a limited writ of habeas corpus. It found that as a matter of law petitioner was entitled to a court-appointed attorney at the indeterminate sentencing hearing. The habeas court further held that petitioner did not voluntarily waive his right to counsel. On appeal, the State asserts that an inmate does not have a right to court-appointed counsel at an indeterminate sentencing hearing before the Parole Board, and if a right does exist, petitioner waived that right.

## Analysis and Decision

[¶5.]        The State avers that no inmate has a right, by statute or constitutional mandate, to court-appointed counsel at an indeterminate sentencing hearing in front of the Parole Board. Neither the language of the indeterminate sentencing statute, the State argues, nor SDCL 23A-40-6 (setting forth certain rights to counsel for indigent defendants) gives petitioner here any right to court-appointed counsel.[1]

---

1.        Before SDCL 23A-27-37 was repealed it provided:

>        Whenever any person is convicted of an offense punishable by imprisonment in the state penitentiary, the court, in its discretion,
>                                                                    (continued . . .)

#24963

Petitioner maintains that because the State was represented by counsel at the indeterminate sentencing hearing, the proceeding became a critical stage in the criminal process, entitling him to court-appointed counsel.

[¶6.] The habeas court agreed with petitioner and held that he had a right to court-appointed counsel. Citing *Anderson v. State*, the court held that South Dakota provides "persons the right to counsel for 'critical stage' judicial proceedings." 373 NW2d 438 (SD 1985), *overruled on other grounds*, Loop v. Solem, 398 NW2d 140 (SD 1986). According to the habeas court, the indeterminate sentencing hearing before the Parole Board was a "critical stage" hearing and the

_____

(. . . continued)
> may sentence such person to the penitentiary for an indeterminate term. Such term may not be less than the minimum sentence provided by law for the crime of which the person was convicted, if the law provides for a minimum sentence, nor longer than the maximum, if a maximum sentence is provided for by law. The board of pardons and paroles shall determine the term of the sentence upon facts and conclusions established by study and observation of the habits, disposition, character, conduct and general tendencies of the convict.

SDCL 23A-40-6 provides:

> In any criminal investigation or in any criminal action or action for revocation of suspended sentence or probation in the circuit or magistrate court or in a final proceeding to revoke a parole, if it is satisfactorily shown that the defendant or detained person does not have sufficient money, credit, or property to employ counsel and pay for the necessary expenses of his representation, the judge of the circuit court or the magistrate shall, upon the request of the defendant, assign, at any time following arrest or commencement of detention without formal charges, counsel for his representation, who shall appear for and defend the accused upon the charge against him, or take other proper legal action to protect the rights of the person detained without formal charge.

fact that the State was represented by counsel at the hearing "substantiated that it was a 'critical stage' hearing[.]"

[¶7.] Whether an inmate has a right to court-appointed counsel at an indeterminate sentencing hearing before the Parole Board is a question of law, reviewed de novo. *See* Primeaux v. Dooley, 2008 SD 22, ¶8, 747 NW2d 137, 139 (quoting Rodriguez v. Weber, 2000 SD 128, ¶12, 617 NW2d 132, 138) ("legal conclusions are reviewed de novo"). Our Court has not addressed this question before. But we have expressly recognized that a right to court-appointed counsel does exist for defendants "in a criminal case (SDCL 23A-40-6), petitioners in habeas corpus proceedings (SDCL 21-27-4), minors in juvenile delinquency adjudications (SDCL 26-7A-31), children and their parents in abuse and neglect cases (SDCL 26-7A-54 and [SDCL] 26-8A-18) and mentally ill persons in involuntary commitment proceedings (SDCL 27A-11A-7)." Bergee v. South Dakota Bd. of Pardons and Paroles, 2000 SD 35, ¶5 n2, 608 NW2d 636, 639 n2. These rulings, however, create no express or implied right to court-appointed counsel for an inmate at an indeterminate sentencing hearing. Neither can we find any statute, nor has petitioner directed us to one, that gives him a right to court-appointed counsel.

[¶8.] Petitioner argues, nonetheless, that the South Dakota Constitution, article VI in particular, affords him a right to court-appointed counsel. He contends that the South Dakota Constitution grants defendants an enhanced right to counsel, as compared to the United States Constitution. This enhanced right, petitioner argues, exists "at critical stages of representation during criminal and civil proceedings." According to Petitioner, Ms. Matchan's appearance at the

hearing transformed the proceeding into a critical stage hearing. Petitioner submits no authority for this proposition. Rather, Petitioner cites the special writing in *State v. Schwartz* where the notion was advanced that one claiming an enhanced right under the South Dakota Constitution must satisfy a four-part test. *See* 2004 SD 123, ¶41, 689 NW2d 430, 440 (Konenkamp, J., concurring). No part of this test has been met, however.

[¶9.]     The California Supreme Court specifically addressed this issue and concluded that no right to court-appointed counsel exists. *In re* Minnis, 498 P2d 997, 1005 (Cal 1972); *see also* Burgener v. California Adult Authority, 407 FSupp 555, 558 (DCCal 1976); Dorado v. Kerr, 454 F2d 892, 896-897 (9thCir 1972). The court recognized the majority view that an indeterminate sentence is in effect a sentence to the maximum period. *Minnis*, 498 P2d at 1005-06. *See also* United States v. Quinonez-Terrazas, 86 F3d 382, 383 (5thCir 1996); Baughman v. United States, 450 F2d 1217, 1220 (8thCir 1971); United States *ex rel.* Paladino v. Comm'ner of Immigration, 43 F2d 821, 822 (2dCir 1930); United States *ex rel.* Sirtie v. Comm'ner of Immigration, 6 F2d 233, 234 (DCNY 1925); State v. Rivera, 102 P3d 1044, 1056 (Haw 2004); State v. Deats, 489 P2d 662, 664 (NMCtApp 1971); Woods v. State, 169 SW 558, 560 (Tenn 1914); *accord* Russo v. New York State Bd. of Parole, 50 NY2d 69, 75 (NY 1980) (concluding that the New York parole system does not create a reasonable expectancy of release at any given time before the conclusion of the maximum term of an indeterminate sentence). Acknowledging that an inmate has no vested right to a sentence other than the maximum period of the indeterminate term, the California court declined to recognize a constitutional

right to counsel because the authority setting the inmate's term in prison does not act in a judicial capacity. *Minnis*, 498 P2d at 1005; *see also Dorado,* 454 F2d at 897. A judicial authority (a judge) sets the parameters of a defendant's potential time in prison. An administrative authority (parole board) is then given the discretion to lessen an inmate's time spent in prison. *Minnis*, 498 P2d at 1005. This administrative action, according to the California court, was not a sentencing proceeding requiring representation. *See id.*; *see also In re* Schoengarth, 425 P2d 200, 204-05 (Cal 1967).

[¶10.] Based on our review of the case law, we adopt the majority view. When a defendant is sentenced to an indeterminate term by the sentencing court, that defendant is in effect sentenced to the maximum of that period. Here, the court sentenced petitioner to an indeterminate term of not less than five years and not more than ten years. Therefore, petitioner was sentenced to ten years, with a possibility of having his sentence reduced by the Parole Board based on consideration of "facts and conclusions established by study and observation of the habits, disposition, character, conduct and general tendencies of the convict." *See* SDCL 23A-27-37 (repealed in 2004).

[¶11.] In view of the foregoing, petitioner's indeterminate sentencing hearing was not a critical stage requiring representation. *See In re* Matter of Whitesel, 763 P2d 199, 204 (Wash 1988). In setting petitioner's term, the Parole Board did not act judicially; rather, it acted much as it does when it decides whether to grant an inmate discretionary parole. Moreover, the Parole Board imposed no greater sentence upon petitioner than the ten years he already faced. Therefore, the habeas

court erred when it concluded, as a matter of law, that petitioner had a right to court-appointed counsel.

[¶12.]     Our conclusion is the same notwithstanding that Ms. Matchan represented the interests of the State. Article VI, section 7 of the South Dakota Constitution affords an "accused" a "right to defend in person and by counsel[.]" Petitioner was not an accused at the indeterminate sentencing hearing; he was a "convict." *See* SDCL 23A-27-37 ("The board of pardons and paroles shall determine the term of the sentence upon facts and conclusions established by study and observation of the habits, disposition, character, conduct and general tendencies of the *convict*.") (emphasis added). Petitioner had already been accused, pleaded guilty, and was sentenced, and at all times during the critical stages of his criminal proceedings was represented by counsel. *See* Loop v. Solem, 398 NW2d 140, 141 (SD 1986) (a defendant is entitled to representation at every critical stage of a criminal proceeding). There being no right to court-appointed counsel, we need not address whether there was a sufficient waiver.

[¶13.]     Reversed.

[¶14.]     GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, and SABERS, Retired Justice, concur.