**RICHIE FONTAINE, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2013-0062

Supreme Court of the Virgin Islands

October 31, 2013

KELE C. ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, · *Attorney for Appellant.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 31, 2013)

PER CURIAM. This matter comes before the Court pursuant to a "Motion for Reconsideration" filed by Kele C. Onyejekwe, Esq., an appellate public defender, requesting that the entire Court review an order issued by the Chief Justice appointing the Office of the Territorial Public Defender as counsel to Appellant Richie Fontaine. We grant the request for review by the full Court, but deny the motion to set aside the appointment.

## I. BACKGROUND

At trial, a jury found Fontaine guilty of several offenses stemming from the death of Ruben George, including voluntary manslaughter. Fontaine appealed his convictions to this Court, which ordered a new trial after concluding that the Superior Court abused its discretion when it permitted a police officer who was not present at the crime scene to narrate a surveillance videotape. *Fontaine v. People*, 56 V.I. 571, 591 (V.I. 2012). On remand, a jury again found Fontaine guilty of these offenses, although the Superior Court entered a judgment of acquittal as to two counts. Fontaine filed a notice of appeal with this Court on August 14, 2013.

On September 20, 2013, Fontaine's court-appointed counsel, James Bernier, Esq., moved this Court for permission to withdraw as counsel. In

his motion, Bernier explained that he intended to close his Virgin Islands law practice and move to North Carolina, and argued that requiring him to continue the representation would impose an unreasonable financial burden. This Court, in an order entered later that day, agreed with Bernier, granted the motion, and appointed the Office of the Territorial Public Defender as Fontaine's counsel.[1]

Onyejekwe filed a motion to withdraw as counsel on October 16, 2013. In the motion, which was only four paragraphs long and not accompanied with any exhibits, Onyejekwe stated that the Territorial Public Defender could not represent Fontaine on appeal because (1) the Office's "Appeals Coordinator" was on sick leave; (2) Supreme Court Rule 210.3(g)[2] required the Office to file petitions for writs of certiorari with the Supreme Court of the United States in all cases, which greatly increased the workload of the Office; and (3) Onyejekwe, as the sole appellate public defender, could not work more than twenty appeals per year pursuant to national standards.

The Chief Justice, in an October 17, 2013 Order, denied the motion,[3] explaining that pursuant to 5 V.I.C. § 3524, Virgin Islands law does not vest the Territorial Public Defender with discretion to unilaterally reject a case, and that Onyejekwe failed to provide this Court with any copies of the purported national standards or set forth any legal argument as to why those standards should apply to the exclusion of the statutory mandate. Additionally, the October 17, 2013 Order noted that even if Onyejekwe was personally overworked, he provided no explanation as to why another attorney in the Office could not represent Fontaine. Finally, the Chief

---

[1] "In those cases . . . in which it becomes necessary to appoint a new attorney to represent a litigant on appeal, the Clerk of the Supreme Court shall appoint the Office of the Territorial Public Defender to represent the litigant." V.I.S.CT.R. 210.2(b). Although the Superior Court is likewise required to appoint the Territorial Public Defender unless the circumstances warrant a different appointment, see 5 V.I.C. § 3503(a), the record before us is completely silent as to why it appointed private counsel in the first instance.

[2] "If, after an adverse decision by this Court, the defendant seeks to file a petition for writ of certiorari, court-appointed counsel shall assist the defendant in preserving his right to file a petition for writ of certiorari and filing any other necessary and appropriate documents in connection therewith, including filing motions to proceed in forma pauperis and for appointment of counsel, and shall otherwise proceed in accordance with the rules of the court to which certiorari is sought." V.I.S.CT.R. 210.3(g).

[3] "[A] motion is referred to the Chief Justice . . . if it is one of the following matters . . . [s]ubstitution or withdrawal of counsel; appointment of counsel." V.I.S.CT. I.O.P. 9.3.2(a).

Justice explained that Onyejekwe misapprehended Supreme Court Rule 210.3(g), in that it only requires that counsel preserve a defendant's right to file a certiorari petition, and not that counsel actually draft a petition in all cases.

On October 25, 2013, Onyejekwe filed a "Motion For Reconsideration of the Court's October 17, 2013 Order," which, in contrast to his initial motion, is 15 pages long and accompanied by 42 pages of exhibits. In this filing, Onyejekwe describes the October 17, 2013 Order as "a just Order," (Mot. 1), and concedes that it "was not unreasonable." (Mot. 15.) Nevertheless, Onyejekwe again requests that this Court permit the Office of the Territorial Public Defender to withdraw as counsel, for largely the same reasons he asserted in his earlier October 16, 2013 motion, albeit with more developed arguments.

## II. DISCUSSION

### A. Legal Standard

■ "Although counsel styled this filing as a 'Motion for Reconsideration,' this Court's rules contain no provision allowing for such a motion." *In re McFaul*, S. Ct. BA. No. 2008-0092, 2009 V.I. Supreme LEXIS 13, *1 n.1 (V.I. Mar. 2, 2009) (unpublished). However, since Onyejekwe "seeks review of an order entered by a single justice, we shall construe [his] filing as a motion for review by the entire Court pursuant to Supreme Court Rule 21(c)." *Id.* "When reviewing a decision of a single justice, the Court does not grant any special deference to the single justice's judgment, but instead 'exercise[s] its own judgment, applying the same standard as the single justice.' " *Arellano v. Rich*, S. Ct. Civ. No. 2012-0096, 2013 V.I. Supreme LEXIS 70, *4 (V.I. Oct. 7, 2013) (quoting *Commonwealth v. Allen*, 378 Mass. 489, 392 N.E.2d 1027, 1033 (1979)).

■ First, we note that virtually all of the arguments raised in the October 25, 2013 motion have been waived, for issues " 'not raised before the single justice [are] deemed waived' upon review by the full Court." *McFaul*, 2009 V.I. Supreme LEXIS 13 at *3 (quoting *Board of Overseers of the Bar v. Mangan*, 2001 ME 7, 763 A.2d 1189, 1194 (Me. 2001)). As the October 17, 2013 Order recognized, Onyejekwe's original October 16, 2013 motion to withdraw as counsel lacked any developed legal arguments, and was not accompanied with any evidence to support his

factual claims of staff illness or overwork. While the October 25, 2013 motion remedies many of these deficiencies, new arguments and evidence that could have been presented in the October 16, 2013 motion, but were not, cannot form the basis for setting aside the October 17, 2013 Order. *Id.*; *cf. In re Adoption of Sherman*, 49 V.I. 452, 458 (V.I. 2008) ("[I]f Appellant wanted the trial court to consider her policy arguments, psychologist's affidavit, and the related literature as evidence . . . she should have presented that argument and evidence with her original petition."). Nevertheless, given that Onyejekwe could, at this early stage of the proceedings, present these new arguments to the Chief Justice through a renewed motion to withdraw as counsel, we exercise our discretion to consider his substantive claims. *See Bryan v. Gov't of the V.I.*, 56 V.I. 451, 457-58 (V.I. 2012) (observing that "it is more cost-effective and efficient" to address waived argument in habeas corpus petition since prisoner "could simply file another petition addressing the same argument").

## B. The Territorial Public Defender May Not Unilaterally Decline the Representation

In his October 25, 2013 motion, Onyejekwe contends that section 3524 of title 5 of the Virgin Islands Code authorizes the Office of the Territorial Public Defender to unilaterally decline or withdraw representation of an indigent criminal defendant. This statute reads, in its entirety, as follows:

> When representing an indigent client in a criminal proceeding before the Superior Court, the Public Defender shall counsel and defend such client at every stage of the proceedings against him, and at any appeals or other remedies before or after conviction that he considers to be in the interest of justice.

5 V.I.C. § 3524. Although not directly stating so, it appears that Onyejekwe believes that the language "that he considers to be in the interest of justice" modifies all language that precedes it.

We disagree. When interpreting a statute, courts should consider the grammatical "rule of the last antecedent," under which "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003). "The last antecedent is the last word, phrase, or clause that can be made an antecedent without

1009

impairing the meaning of the sentence." *Waid v. State ex rel. Dep't of Transportation*, 996 P.2d 18, 23 (Wyo. 2000) (quoting 2A SUTHERLAND STATUTORY CONSTRUCTION § 47.33 at 270 (5th ed. 1992)) (internal quotation marks omitted); *accord Newberry Station Homeowners Ass'n v. Board of Supervisors*, 285 Va. 604, 740 S.E.2d 548, 554 (2013). Applying the rule of the last antecedent, the language in section 3524 Onyejekwe relies on — "that he considers to be in the interest of justice" — would only modify "other remedies before or after conviction," and not "appeals" or "every stage of the proceedings against him."

 We recognize, of course, that "[t]he rule of the last antecedent . . . 'is not an absolute and can assuredly be overcome by other indicia of meaning.' " *United States v. Hayes*, 555 U.S. 415, 425, 129 S. Ct. 1079, 172 L. Ed. 2d 816 (2009) (quoting *Barnhart*, 540 U.S. at 26). For instance, the rule of the last antecedent may not apply "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last." *Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348, 40 S. Ct. 516, 64 L. Ed. 944 (1920); *see also Gov't of the V.I. v. Thomas*, 9 V.I. 17, 24 (V.I. Super. Ct. 1971) (same). The Legislature enacted section 3524 and similar provisions to implement *Gideon v. Wainwright*, 372 U.S. 335, 342-45, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), in which the United States Supreme Court held that the Constitution requires that indigent criminal defendants receive court-appointed counsel, and *Douglas v. California*, 372 U.S. 353, 357-58, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963), holding that if a state provides for an appeal as of right, it must also provide court-appointed appellate counsel to indigent criminal appellants. In contrast, however, courts have repeatedly found that there is no constitutional right to court-appointed counsel in collateral proceedings, even if they stem from a criminal case. *See, e.g., In re Morton*, 56 V.I. 313, 323 (V.I. 2012) (no right to appointed counsel in mandamus proceedings, even if underlying case was criminal) (citing *Doherty v. Caisley*, 104 Ill. 2d 72, 470 N.E.2d 319, 321 (1984)); *United States v. Doe*, 365 F.3d 150, 155 (2d Cir. 2004) (no right to appointed counsel in habeas corpus cases); *Cowans v. South Dakota Bd. of Pardons and Paroles*, 2009 SD 22, 764 N.W.2d 501, 505 (S.D. 2009) (no right to appointed counsel in parole hearings). Thus, good reason exists to limit the Office of the Territorial Public Defender's authority to decline representation solely to those "other remedies before or after conviction." 5 V.I.C. § 3524. Notably, other states that have adopted

language similar to that in our section 3524, such as Colorado,[4] have taken the position that the statute mandates representation at trial and on direct appeal, and authorizes discretionary representation in collateral proceedings, such as post-conviction petitions for writ of habeas corpus. *See Hampton v. Schauer*, 361 F. Supp. 641, 643 (D. Colo. 1973) (noting testimony of State Public Defender "that he is required to represent indigent defendants in the trial court and in direct appeals from convictions" and that "[h]e is not required to conduct post-conviction proceedings for inmates, but is authorized to do so"). Therefore, the Office of the Territorial Public Defender lacks the discretion to simply decline to represent Fontaine at trial or on direct appeal.

## C. Appellate Defender Workload

In his motion, Onyejekwe also sets forth numerous arguments related to appellate public defender workload, both generally and as to him personally. First, Onyejekwe contends that this Court should follow standards adopted by the American Council of Chief Defenders in 1973, which he contends represent generally accepted national standards on workload and provide that a public defender exclusively assigned to appellate practice should work on no more than 25 appeals per year. Onyejekwe further argues that, because of his purportedly excessive caseload, neither he nor any attorney employed by the Office of the Territorial Public Defender can effectively represent Fontaine on appeal.

 As a threshold matter, we disagree with Onyejekwe that this Court represents the proper body for establishing rules and procedures governing the caseload of public defenders. While Onyejekwe is correct that "the Supreme Court of the Virgin Islands is responsible for the administration of justice in this territory," (Mot. 6), this Court does not control or administer the Office of the Territorial Public Defender. Rather,

---

[4] The Colorado statute, upon its adoption in 1969 shortly after the *Gideon* and *Douglas* decisions, provided, in pertinent part, that

> When representing an indigent person, the state public defender shall: Counsel and defend him, whether he is held in custody, filed on as a delinquent, or charged with a criminal offense or municipal code violation, at every [stage] of the proceedings following arrest, detention, or service of process; and, prosecute any appeals or other remedies before or after conviction that he considers to be in the interest of justice.

*Hampton v. Schauer*, 361 F. Supp. 641, 643 (D. Colo. 1973) (quoting COLO. REV. STAT. § 39-21-4).

the Legislature vested such oversight with the Public Defender Administration Board, which possesses the authority to hire and fire personnel, to hear employee grievances, and to "promulgate rules and regulations governing employees rights and relations." 5 V.I.C. § 3520(b). Thus, to the extent Onyejekwe believes that workload limits should be set for all public defenders or that he is personally unable to handle additional appeals, the Public Defender Administration Board represents the appropriate forum to raise his concerns in the first instance.

We also find no evidence that requiring the Office of the Territorial Public Defender to undertake this representation would result in Fontaine receiving ineffective assistance of counsel on appeal. Even if we were to accept Onyejekwe's claim that the appellate standards adopted by the American Council of Chief Defenders in 1973[5] represent national standards — notwithstanding the fact that Onyejekwe has only supplied this Court with proof that they have been adopted by a single jurisdiction, and even then with substantial modifications[6] — he has provided us with no evidence that his caseload exceeds those standards, other than the unsworn representations in his own motion.[7] *See Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011) ("unsworn representations of an attorney are not evidence"). While Onyejekwe again points to several petitions for writ of certiorari that he has filed with the United States Supreme Court, the October 17, 2013 Order correctly advised him that Supreme Court Rule 210.3(g) does not compel him to file a certiorari petition, but to merely safeguard the defendant's right to seek certiorari if he chooses to do so.[8] And as the Chief Justice noted in the October 17, 2013 Order, this

---

[5] Although Onyejekwe has provided this Court with a resolution by the American Council of Chief Defenders reaffirming their 1973 standards despite their age, this Court questions whether these recommendations remain appropriate in light of significant advances in the legal profession over the last 40 years, including law office automation and computerization, the proliferation of online legal research services such as Westlaw and LexisNexis as well as the adoption of electronic filing by this Court.

[6] Along with his October 25, 2013 motion, Onyejekwe provided this Court with a copy of a general order entered by the Supreme Court of Washington on June 15, 2012, which provides that a public defender should handle no more than 36 appeals per year.

[7] For this same reason, this Court declines to consider Onyejekwe's unsworn representation that critical support positions at the Office of the Territorial Public Defender remain vacant.

[8] Notwithstanding this Court's clear instruction that he is not required to file certiorari petitions on behalf of his clients, Onyejekwe maintains that Supreme Court Rule 210.3(g) compels this action because United States Supreme Court Rule 39 purportedly requires the filing

Court appointed the Office of the Territorial Public Defender — and not Onyejekwe personally — to represent Fontaine, and Onyejekwe has not even attempted to demonstrate to this Court that every single attorney employed by his office is overworked[9] or why additional attorneys cannot be hired.

 Perhaps most importantly, Onyejekwe has not cited to any legal authority to support his claim that exceeding these limits would result in *per se* ineffective assistance of counsel. On the contrary, courts have repeatedly found that such standards are aspirational, and that exceeding those limits does not form a basis for an ineffective assistance of counsel claim or for withdrawing as counsel. *See, e.g., Prowell v. State*, 741 N.E.2d 704, 716-17 (Ind. 2001) (defender's representation that caseload violated limits applicable to capital cases did not make new trial appropriate remedy); *State v. A.N.J.*, 168 Wn.2d 91, 225 P.3d 956, 965 (2010) ("[P]rofessional standards do not establish minimum Sixth Amendment standards."); *State v. Harrington*, No. 41193-8-II, 2012 Wash. App. LEXIS 2126, *5 n.4 (Wash. Ct. App. Sept. 11, 2012) (unpublished) ("While prescribing caseload management techniques and annual limits, the Supreme Court's *Standards for Indigent Defense* provide no guidance for when counsel should or must be allowed to withdraw based on excessive caseload."). Accordingly, we can find no valid basis to allow the Office of the Territorial Public Defender to withdraw its representation in this matter.

---

of a motion to proceed *in forma pauperis* simultaneously with a petition for writ of certiorari. We question whether Onyejekwe's interpretation of those rules is correct, since United States Supreme Court Rule 13.5 expressly permits a party to file a motion for extension of time to file a certiorari petition, which by its nature is a motion that would precede the filing of the certiorari petition itself. Nevertheless, as we have repeatedly emphasized, Supreme Court Rule 210.3(g) simply means what it says — a court-appointed attorney "shall assist the defendant in preserving his right to file a petition for writ of certiorari," but need not actually draft and file a certiorari petition. If Onyejekwe is correct that the United States Supreme Court prohibits the filing of an *in forma pauperis* or similar motion without the concurrent filing of a certiorari petition, then his obligation under Supreme Court Rule 210.3(g) is limited to simply informing his client of the possibility of certiorari review and how to obtain it.

[9] In his motion, Onyejekwe alleges that "[t]ransferring appellate work to any other Territorial Public Defender will under-serve the public defender's clients and, consequently, undermine the quality of justice in the Virgin Islands." (Mot. 11.) However, this too represents an issue that is within the purview of the Public Defender Administration Board, rather than this Court.

## III. CONCLUSION

For the foregoing reasons, we grant full Court review but deny the "Motion for Reconsideration," and direct the Office of the Territorial Public Defender to continue its representation of Fontaine on appeal.