IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

April 06, 2020

**TAMARA CHARLES
CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) | CASE NO. ST-2018-CR-00208 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| AUBREY FRETT, | ) | |
| Defendant. | ) | |
| | ) | |

**Cite as 2020 VI Super 49U**

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on the People of the Virgin Islands' (hereinafter "the People") Motion to Continue and Depose a Material Witness, filed March 9, 2020, pursuant to Virgin Islands Rule of Civil Procedure 6-3 and Virgin Islands Rule of Criminal Procedure 15, respectively. The Defendant, Aubrey Frett (hereinafter "Frett"), opposes the motion. For the reasons set forth herein, the motion will be denied.

### FACTS

Frett was arrested on September 3, 2018 and charged with first degree murder and related charges. The following charges are currently pending: 1) First Degree Murder, 2) First Degree Assault, 3) Unauthorized Use of an Unlicensed Firearm during the Commission of a First Degree Assault, 4) Third Degree Assault, 5) Unauthorized use of an Unlicensed Firearm During the Commission of a Third

Degree Assault, and 6) Reckless Endangerment in the First Degree, all related to the murder of Jerome Turnbull on September 1, 2018.[1]

At Frett's arraignment, jury selection was scheduled for July 22, 2019. But his jury selection was continued three times since then. As of the date of the filing of the subject Motion, jury selection was scheduled for March 23, 2020. At the pretrial conference on March 3, 2020, the People made an oral motion to continue the March 23, 2020 jury selection in order to depose a material witness. Frett objected. So, the Court directed the People to file a written motion.[2] In their written motion, the People request a continuance for two reasons: 1) the failing health of the prosecutor's elderly relative who lives off-island and the prosecutor's family duty to visit them and put plans in place for their care, and 2) the inability of a material witness to travel and be present at trial in the Virgin Islands. As such, the People request permission to depose the material witness and that trial be continued until May 2020.

## LEGAL STANDARD

### I.     Continuance

There is no local rule of criminal procedure that addresses continuances of criminal trials. *People v. Hatcher*, 68 V.I. 362, 369 (V.I. Super. Ct. 2018). The People cite to Superior Court Rule 10.1, which provides that "Rule 6–3 of the Virgin Islands

---

[1] Frett has been in custody at the Bureau of Corrections since his arrest on September 3, 2018.
[2] Virgin Islands Rule of Criminal Procedure requires that a "motion. . . be in writing. . . [and] state the grounds on which it is based, the legal authorities upon which it relies, and the relief or order sought." V.I. R. Crim. P. 47(b).

Rules of Civil Procedure shall govern continuances of all trials, conferences, and other scheduled hearings, in both civil and criminal cases." However, Superior Court Rule 10.1 was repealed on February 15, 2019 by Supreme Court Promulgation No. 2019-003. As such, another procedural rule must govern. *Hatcher*, 68 V.I. at 369 (quoting V.I. R. Crim. P. 1(e)) ("When procedure is not prescribed by these Virgin Islands Rules of Criminal Procedure, precedent from the Supreme Court of the Virgin Islands, or the Virgin Islands Code, a judge may regulate practice in a criminal proceeding in any manner consistent with law of the Virgin Islands."). Nevertheless, in this instance the March 23, 2020 trial date was continued due to the COVID-19 virus, thereby making moot the portion of the motion to continue the trial date.

## II.    Deposition of a Material Witness

Under Rule 15(a)(1) of the Virgin Islands Rules of Criminal Procedure, a material witness may be deposed "to preserve testimony for trial," 1) when exceptional circumstances exist and 2) when it is in the interest of justice.[3] Analysis of the first factor requires consideration of the witness's unavailability at trial and the materiality of the witness's testimony. *United States v. Ismaili*, 828 F.2d 153, 159

---

[3] Importantly, the use of the term "deposition" in a criminal context is distinct from its use in a civil context. *See U.S. v. Ismaili*, 828 F.2d 153, 159 (3d Cir. 1987). In a civil context, the term deposition "ordinarily connotes the taking of testimony for discovery purposes." *Id.* (citing *U.S. v. Cutler*, 806 F.2d 933, 935 (9th Cir.1986)). However, the term as used in criminal context under Rule 15(a) is restricted to the party's taking of their own prospective witness's testimony; it does not include the taking of testimony from an opposing party's witness. *Id.* Further, Rule 15(a) depositions must be granted by court order and are to be taken only to preserve testimony for trial and not for discovery purposes. *Id.* (citing Note of the Advisory Committee to Rule 15).

(3d Cir. 1987) (noting that "exceptional circumstances" must encompass considerations of unavailability and materiality). The second factor considers whether deposing the witness is necessary to prevent a failure of justice. *Ismaili*, 828 F.2d at 158. The movant bears the burden of showing that both factors are satisfied. *Ismaili*, 828 F.2d at 158; *see also U.S. v. Rosenstein*, 474 F.2d 705 (2d Cir.1973). Whether each factor has been established is a determination predicated on the court's discretion. *Ismaili*, 828 F.2d at 159.

## A. Exceptional Circumstances

To show that exceptional circumstances exist, the movant must prove that the witness is unavailable to testify at trial, such that, unless the witness is deposed, the witness's testimony will not be preserved. *Ismaili*, 828 F.2d at 159 (citing *United States v. Johnson*, 752 F.2d 206, 209 (6th Cir.1985) (recognizing unavailability as an important factor in determining whether exceptional circumstances exist)). The nature of the witness's unavailability must be of a degree sufficient to justify the finding of an exceptional circumstance. For instance, under Rule 804(a)(4) of the Virgin Islands Rules of Evidence, a witness may be considered unavailable if that witness cannot be present or testify at trial due to a physical or mental illness. V.I. R. Evid. 804(a)(4); *see also Gov't of the V.I. v. Tranberg*, 28 V.I. 52, 56 n.1 (V.I. Super. Ct. 1993) (citing Fed. R. Ev. 804(a)(4)).[4]

---

[4] Effective March 31, 2017, the Virgin Islands legislature adopted the Virgin Islands Rules of Evidence, which supersede all previous rules applied in Virgin Islands courts, including the Federal Rules of

Additionally, the movant must demonstrate that the witness's testimony is material to the movant's case. *Ismaili*, 828 F.2d at 159. Testimony is considered material if it is likely to make a difference in the outcome of the trial. *See Richardson v. Gov't of the V.I.*, 55 V.I. 1193, 1204 (D.V.I. App. Div. 2011) (quoting *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867 (1982)) ("Evidence is material 'only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact.'"); *Gov't of the V.I. v. Benjamin*, 25 V.I. 191, 206 (1990); *People of the V.I. v. Ward*, 52 V.I. 71, 93 (V.I. Super. Ct. 2009) (quoting *U.S. v. Agurs*, 427 U.S. 97, 106 (1976)) ("Evidence will be deemed material if the suppressed evidence might have affected the outcome of the trial.").

## B. In the Interest of Justice

Secondly, the movant must demonstrate that the deposition of a material witness is in the interest of justice. While the phrase "in the interest of justice" has never been defined by Virgin Islands courts, its use as grounds for actions taken in the interest of fairness and efficient judicial administration reveal its purpose and parameters. *See e.g., Financial Trust Co., Inc. v. Citibank N.A.*, 268 F.Supp.2d 561, 569 (D.V.I. 2003) (discussing transfer of venue "in the interest of justice"); *Davis v. People*, 69 V.I. 619, 681 n.42 (V.I. 2018) (recognizing the authority of the trial judge to revisit any ruling, so long as it has jurisdiction over the case at the time, when "the

---

Evidence. *In re Adoption of Virgin Islands Rules of Evidence*, Promulgation No. 2017-002., 2017 WL 1293843, at *1 (V.I. Apr. 3, 2017).

interests of justice" so require it); *Percival v. People*, 62 V.I. 477, 490 (V.I. 2015) (affirming the grant of a new trial "in the interest of justice"); *Fontaine v. People*, 59 V.I. 1004, 1009 (V.I. 2013) (discussing a public defender's duty to counsel, defend, and act "in the interest of justice"); *In re Morton*, 56 V.I. 313, 318 (V.I. 2012) (discussing the Court's authority to appoint counsel to further the "interests of justice").

The meaning of the phrase is also revealed by looking at the language and purpose of Rule 15(a)(1). "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." V.I. R. Crim. P. 15(a)(1). As such, the Court finds that the deposition of a material witness is "in the interest of justice" if the purpose of such deposition is to preserve testimony for trial, which would otherwise be absent due to the exceptional circumstances that prevent the witness from testifying at trial. This purpose carries with it considerations of fairness and efficient judicial administration similar to those made by other Virgin Islands courts that have used the phrase in their analyses. Accordingly, the Court finds that in order to demonstrate that the deposition of a material witness is in the interest of justice, the movant must show that the purpose of such deposition is for the preservation of testimony for trial.

### C. Notice

Thirdly, the party seeking the deposition must also give reasonable written notice to the opposing party, including the date and location of the deposition, which

the court may alter for good cause, and the name and address of the person to be deposed. V.I. R. Crim. P. 15(b)(1). If the defendant is in custody, the party seeking the deposition must also give notice to the defendant's custodial officer of the deposition's scheduled time and location. V.I. R. Crim. P. 15(b)(2). The custodial officer "must produce the defendant at the deposition and keep the defendant in the witness's presence during the examination," unless the defendant waives his right to be present in writing or continues to be disruptive during the deposition after being warned. V.I. R. Crim. P. 15(c)(1)(A)-(B). Finally, if the deposition is requested by the government and the defendant is unable to bear his portion of the costs, the court "must order the government to pay: (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and (2) the costs of the deposition transcript." V.I. R. Crim P. 15(d)(1)-(2).

## DISCUSSION

The People move the Court to grant the deposition of a material witness and continue jury selection/jury trial until May 2020. Critically, the Court notes that, due to the COVID-19 virus, Administrative Order No. 2002-0001, issued by the V.I. Supreme Court on March 13, 2020, suspended all new criminal jury trials indefinitely.[5] As such, any decision by this Court in this matter will also adhere to

---

[5] In compliance with that Administrative Order, the Court cancelled Aubrey Frett's March 23, 2020 jury selection by Order entered March 17, 2020.

the parameters of that Administrative Order or any other administrative order that may issue from the V.I. Supreme Court.

## A. The People's Motion to Continue to Depose a Material Witness

The People request a continuance to depose a material witness who cannot travel to the Virgin Islands due to "his/her physical condition." The People allege that the material witness is a paraplegic. The People state that it "gave the material witness time for his/her condition to improve for a final prognosis; however, the People received confirmation that his/her condition will not improve." As such the People argue that the witness is unavailable and request a continuance to arrange for the parties' travel to depose the witness. The People argue that, under V.I. R. Crim. P. 15(a), the witness' physical condition is an exceptional circumstance that justifies his/her unavailability at trial. Moreover, the People argue that the witness's testimony is "germane to the case" and that fairness warrants that the witness be deposed in order to preserve such testimony for trial.

Opposing the Motion, Frett argues that the People have failed to allege a sufficient basis to depose a material witness. Firstly, Frett argues that the People have failed to establish the existence of an exceptional circumstance that warrants a finding that the witness is unavailable for trial. Specifically, Frett argues that "there is no competent evidence in the record that the witness's condition prevents his/her travel to the Virgin Islands." To this point, Frett argues "the People have not provided any medical reports, letters of opinion, or other indicia setting forth that the witness

. . . is medically unable to travel and attend trial to testify, or has been in the past been [sic] unable to be produced." Secondly, Frett argues that the People have not provided anything in the record to demonstrate that the witness is material, nor that the witness's travel needs outweigh the defendant's rights to confront the witness at trial. Frett argues that the lack of evidence "falls short" of the People's burden and the Court agrees.

The Court is not diminishing the possible burden of the witness's physical condition. Nor does the Court find that the witness's physical condition makes him capable and available to travel. *See* V.I. R. Evid. 804(a)(4); *see also Gov't of the V.I. v. Tranberg*, 28 V.I. 52, 56 n.1 (V.I. Super. Ct. 1993) (citing Fed. R. Ev. 804(a)(4)). However, in the absence of supporting evidence, the Court cannot confirm that the witness even has the condition of which the People speak, nor can the Court reasonably consider whether such condition prevents travel to the Virgin Islands. Motions to continue must be supported by evidence, *Hatcher*, 68 V.I. at 373, and in the absence of an affidavit, or a letter from a health care professional, mere representations by an attorney do not constitute evidence. *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011). Therefore, the Court cannot find that the witness is unavailable to testify at trial.

Secondly, even if the People had provided evidence that the witness's physical condition made him/her unavailable, the People have failed to demonstrate the witness is material. Demonstrating the existence of an exceptional circumstance

includes establishing the witness's unavailability *and* the materiality of their testimony. *See Ismaili*, 828 F.2d at 159. Without such evidence, the Court cannot find that an exceptional circumstance exists. As such, the Court finds that the People have failed to meet their burden and that therefore, the Court need not consider whether the deposition requested would be in the interest of justice, nor whether reasonable written notice was given by the People to the Defendant.[6] Accordingly, the Court will deny the People's request to continue for the purposes of deposing a witness.

### B. The People's Motion to Continue Due to a Ill Family Member

The People also requested a continuance based on the ill health of an elderly relative of the prosecutor. That issue is now moot, as the March 23, 2020 trial date was canceled by Order entered March 17, 2020 due to the COVID-19 virus.

### CONCLUSION

The People have not met their burden of showing that the witness they wish to depose is a material witness, nor have they presented any proof that he/she is unable to travel to the Virgin Islands for trial. Therefore, the portion of the Motion to depose the witness will be denied. The portion of the Motion seeking a continuance due to the prosecutor's ill relative is now moot.

---

[6] Though the Court's analysis did not reach the notice requirement, the Court likely would have found the People's notice to the defendant insufficient because the People failed to notify the defendant of the witness's name and location, as required by V.I. R. Crim. P. 15(b)(1).

An appropriate order will immediately follow.


DATED:  April 6, 2020

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands


**ATTEST**:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LORI BOYNES TYSON**
Chief Deputy Clerk 4/7/2020

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

PEOPLE OF THE VIRGIN ISLANDS,     )
                                      )
                 Plaintiff,      )     **Case No. ST-2018-CR-00208**
    vs.                           )
                                        )
**AUBREY FRETT,**                  )
                 Defendant.   )
_____ )

### ORDER

This matter is before the Court on the People's Motion to Continue and Depose a Material Witness, filed March 9, 2020. For the reasons set forth in the Memorandum Opinion entered on this day, it is hereby

**ORDERED** that the portion of the People's Motion to Continue to Depose a Material Witness is **DENIED**;

**ORDERED** that the portion of the People's Motion to Continue due to illness of the prosecutor's elderly relative is **DENIED** as **MOOT**; and it is further

**ORDERED** that a copy of this Order and the Memorandum Opinion be served upon Defendant and copies directed to Assistant Attorney General Eugene James Connor and Assistant Public Defender Paula Norkaitis.

DATED: April 6, 2020

                                           **Kathleen Mackay**
                                    Judge of the Superior Court
                                    of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
     **LORI BOYNES-TYSON**
     Chief Deputy Clerk 4/7/2020